## ROBERT P. RIDLEY *vs.* OTIS PERRY.

In an action of slander, the defendant cannot give evidence of any other crime than the one charged, either in bar of the action, or in mitigation of damages.

THIS was an action of slander in which the plaintiff alleged, that the defendant charged him with stealing sheep. The defendant pleaded the general issue, and filed a brief statement, wherein he set forth, that he expected to prove, that prior to the commencement of this action, the plaintiff had stolen boards and meal. At the trial before WESTON C. J. the defendant offered to prove, that the plaintiff had stolen boards and meal. The Chief Justice ruled, that the evidence was inadmissible and rejected it. The verdict for the plaintiff was to be set aside, if the testimony offered ought to have been received.

The arguments were in writing.

*Wells,* for the defendant, contended, that the evidence offered should have been received in mitigation of damages. The value of the plaintiff's character is to be estimated by the Jury. If he is in reality a thief, he is a corrupted and degraded man. The crimes that he has committed may not have been so notorious as to establish a general character, that he is a thief. His caution and hypocrisy may have concealed his crimes from the majority of his acquaintance. Unless the proof offered is admitted, then it follows, that when a man, really guilty of stealing horses, is charged with stealing sheep instead of horses, he recovers the same damages, as one whose conduct is free from blame. The testimony should also have been admitted, because it shows less malice, than would otherwise appear. It shows the plaintiff's character in its true light, and lessens the criminality of the defendant, and justice requires its admission. In support of his argument, he referred the court to *Starkie on Slander,* 405 ; *Earl of Leicester* v. *Walter, 2 Camp.* 251 ; *Ross* v. *Lapham,* 14 *Mass. R.* 279 ; *Bradley* v. *Heath,* 12 *Pick.* 163.

*Evans,* for the plaintiff, argued, that evidence of the kind offered here had uniformly been excluded, and to admit it now would over-

turn principles long established, and invariably practised upon. *Bodwell* v. *Swan*, 3 *Pick.* 376 ; *Larned* v. *Buffington*, 3 *Mass. R.* 546 ; *Wolcott* v. *Hale*, 6 *Mass. R.* 514 ; *Alderman* v. *French*, 1 *Pick.* 1 ; *Underwood* v. *Parks*, *Strange*, 1200.

The case was continued for argument, and the opinion of the Court was subsequently drawn up by

Weston C. J. — The facts set forth in the brief statement, and which were offered to be proved at the trial, constituted no defence to the action. It is not pretended, that they did ; but it is insisted, that the testimony should have been received in mitigation of dam‑ ages. We consider the law upon this point well laid down in *Al‑ derman* v. *French*, and in *Bodwell* v. *Swan et ux.*, cited in the argument, that evidence of general character only, and not of par‑ ticular facts, can be received in evidence. Such has been the practice in this state, without any exception, which has come to our knowledge. When facts, suspicions and rumors have obtained such credence, as to enter into and to form general character, what that general character is, may be shown in evidence. Every man, who institutes an action for an injury done to his character, runs this hazard. But he is not called upon to repel particular facts or charges, except such as are stated in the declaration, when the truth of the defamatory words is relied upon in defence. It would be very inconvenient to relax this rule. The field of inquiry would otherwise be indefinite, and whoever would vindicate his character against specific charges would thereby expose his whole life to se‑ vere legal scrutiny. In certain cases, where the defendant's posi‑ tion, and his occasion for speaking negatives malice, it is sufficient, if he had reasonable cause to believe, what he may affirm to be true. But this is matter in defence, and turns upon a principle not applicable to this case.

In the case of the *Earl of Leicester* v. *Walter*, 2 *Camp.* 251, the testimony there received of a general suspicion of the plaintiff's character and habits, can be justified only as evidence of general character. If it went farther than that, which may perhaps be fairly inferred, it is certainly at variance with our law, whatever may be said of the law of *England*. In *Underwood* v. *Parks*, 2 *Strange*, 1200, it was decided, that the truth of the words spoken

could not be given in evidence in mitigation of damages. If this is not permitted, it would seem that testimony, to prove the truth of other charges, could not with any propriety be received. The same doctrine was held in *Mills* v. *Spencer*, 1 *Holt*, 533. *Gibbs C. J.* there says, that general character may be gone into, but not particular facts.

*Judgment on the verdict.*