Wagner *vs.* Holbrunner.—1848.

---

DAVID WAGNER *vs.* ADAM HOLBRUNNER.—*December* 1848.

In an action of slander, where the plaintiff, to prove malice and aggravate the damages, gives in evidence other and different words, spoken subsequent to those laid in the declaration, the defendant, to repel the malice, and in mitigation of damages, may give the truth of such new matter in evidence, under the plea of not guilty, even though such new words be in themselves actionable.

Where the plaintiff confines himself to the proof of the words laid in his declaration, the defendant, although he will not be allowed to give in evidence the truth of the defamatory matter, without a special plea *of justification*, may yet, on the plea of not guilty, prove in mitigation, such facts and circumstances as shew a ground of suspicion, not amounting to actual proof of the guilt of the plaintiff.

APPEAL from *Frederick* county court.

This was an action on the case instituted by the appellee, (the plaintiff below,) against the appellant, (the defendant below,)

on the 17th of December, 1844, for words spoken by the latter, of and concerning the plaintiff in the way of his trade and business, as a house-carpenter and cabinet-maker, on the 14th of December, 1844.

The words laid in the declaration as spoken by the defendant, are :

1st Count. "You (meaning the said *Adam*,) know very well, that every person in this town (meaning the town of *Woodsborough*, in *Frederick* county,) that you (meaning the said *Adam*,) work for, have their eyes upon you, (meaning the said *Adam*.) They (meaning the people of *Woodsborough*, for whom the said *Adam* worked,) very well know that you (meaning the said *Adam*) will cheat them, (meaning the said people of *Woodsborough*,) if you (meaning the said *Adam*,) get a chance. Here stands a man (meaning a certain *Paul Cormack*, whom he, the said *David*, touched on the shoulder with his hands,) whom you (meaning the said *Adam*,) cheated out of eighty dollars. (The said *Adam* asked of the said *David*, how? You (meaning the said *Adam*,) cheated him (meaning the said *Paul Cormack*,) in building that house; (meaning a house which he the said *Adam*, as a house-carpenter, had built for the said *Paul Cormack*.) I (meaning himself, the said *David*,) can prove it by *Cormack;* (meaning by all these words taken together, that he, the said *Adam*, in the way of his trade and business as a house-carpenter and cabinet-maker, was a dishonest cheat, and that he had cheated *Paul Cormack*, in the way of his the said *Adam's* trade, out of the sum of eighty dollars.

2nd Count. "There is nobody you (meaning the said *Adam*), have dealings with, but you (meaning the said *Adam*,) cheated; you (meaning the said *Adam*,) are a cheat, and I, (meaning himself, the said *David*,) can prove it; (meaning that he, the said *Adam*, was dishonest, and a cheat in his dealings, in the way of his said trades and business as a house-carpenter and cabinet-maker.)

3rd Count. "You (meaning the said *Adam*,) are a cheat; you (meaning the said *Adam*,) know you (meaning the said *Adam*,) are a cheat, and every body knows you (meaning the

said *Adam,*) are a cheat. You (meaning the said *Adam,*) have cheated this man, (meaning a certain *Paul Cormack,* who was present) out of eighty dollars; (meaning that he the said *Adam,* was a cheat in the way of his trade as aforesaid; and had in the way of his trade and business aforesaid, cheated *Paul Cormack,* out of the sum of eighty dollars, in working for him as a house-builder.)

The defendant pleaded not guilty.

EXCEPTION. The plaintiff after proving the words as laid in the declaration, further to support the issue on his part joined, and for the purpose of proving malice in the defendant, or the *quo animo,* with which the words in the declaration were spoken, proved by *Waesche* a competent witness, that in a conversation he had with *Wagner* at another time and a different place, and prior to the institution of the suit in this case, *Wagner* said to witness, that *Holbruner,* the plaintiff, was not to be trusted; *Paul Cormack* had employed him as a carpenter, but would now employ him no more. And the plaintiff further, for the same purpose, proved by *J. W. Hedges,* that in a conversation he had with the defendant, at another time and place, and subsequent to the speaking the words in the declaration, the defendant said to him, that he *(Holbruner,)* had cheated *Cormack,* and would have cheated *Solomon Derr* if it had not been for his oldest daughter. And thereupon the defendant, to support the issue on his part joined, and for the purpose of rebutting the evidence of malice in the defendant, so far as the testimony of *Waesche* and *Hedges* went to prove malice in the defendant, offered to prove by *Paul Cormack,* that the plaintiff had charged him the sum of eighty dollars more for a job of work than the plaintiff had agreed with *Cormack* to do it for, by express contract; and that the plaintiff had wronged *Cormack* out of about forty dollars in making such over charge, to which testimony so offered by the defendant as aforesaid, and for the purpose aforesaid, the plaintiff objected. And the court, (MARTIN, C. J., and MARSHALL and BUCHANAN, A. J.,) were of opinion, that the evidence so offered by the defendant for the purpose aforesaid, was not admissible, and refused to let the same go to the jury; to which

opinion and refusal of the court, the defendant excepted, and the verdict and judgement being against him, (the damages being assessed at $250,) appealed to this court.

The cause was argued before DORSEY, C. J., SPENCE, and FRICK. J.

By F. A. SCHLEY, for the appellant, and
By PALMER, for the appellee.

FRICK, J., delivered the opinion of the court

This was an action on the case for words spoken of the appellee, in reference to his trade as a carpenter. The defendant's plea was "not guilty." The words laid in the declaration and proved, were: "1st. Here stands a man (*Cormack*,) whom you cheated out of eighty dollars in building his house, and the people of *Woodsborough* know well you will cheat them, if you can get a chance, (meaning thereby that the said appellee was a dishonest cheat in the way of his trade and business.") The 2nd count charges these words: "There is nobody you have dealings with, but you cheated; you are a cheat, and I can prove it." And the 3rd count charges the words: "You are a cheat and every body knows you are a cheat. You have cheated this man, (*Cormack*, who was present,) out of eighty dollars."

The plaintiff then, further to prove malice in the defendant, and the *quo animo* with which the words were spoken, gave in evidence, that at another time and a different place, the appellant said to another witness, "that the appellee was not to be trusted; that *Cormack* had employed him as a carpenter, but would employ him no more." And further for the same purpose, proved by a third witness, that at another time and place, the appellant said, that "the appellee had cheated *Cormack*, and would have cheated *Solomon Derr*, if it had not been for his eldest daughter."

These latter charges of the appellant were made *subsequent* to speaking the words laid in the declaration. And for the purpose of rebutting this evidence of malice, so far as regards the speaking of *the words not laid in the declaration*, the ap-

pellant offered to prove by *Cormack,* "that the appellee had charged him the sum of eighty dollars more for a job of work, than had been agreed upon by express contract; and that he had wronged *Cormack* out of about forty dollars in making such over charge."

This evidence being objected to by the appellee, as inadmissible for that purpose, the court below sustained the objection, and refused to let it go to the jury. And the verdict and judgment being against the appellant, the case is now before this court, upon his bill of exception.

The principle which determines this case is already to be found among the decisions of this court in 6 *G. and J.,* 413, *Rigden vs. Wolcott.* As in all actions of slander, the plaintiff is permitted to prove the malicious intent, in order to aggravate the damages, so the defendant, to repel it, may shew grounds of suspicion of the truth of the charge, by facts and circumstances; not in bar of the action, but in mitigation of damages. And such proof may be introduced to any extent not amounting to a justification of the charge. Any evidence short of this he may offer, to shew that the words were spoken under an impression or conviction of their truth, and not with any malicious intention. See 3 *Steph., N. P.,* 2579. "Although the defendant is not allowed to give in evidence the truth of the defamatory matter, without a special plea in justification, yet he may, on the plea of not guilty, prove in mitigation, such facts and circumstances, as shew a ground of suspicion, not amounting to actual proof of the guilt of the plaintiff. Cited 1 *M. and S.,* 284. 1 *C. and P.,* 279. 11 *Price,* 235. *Willes,* 20.

All this the defendant is permitted to do under the plea of "not guilty;" provided it does not cover the whole of the charge, and constitute a justification; supposing only the words laid in the declaration proved against him. If the plaintiff resorts to the proof of other defamatory charges, not laid in the declaration, for the purpose of proving malice or aggravating the damages, is the rule, or the reason of the rule, less operative?—*a fortiori,* it is the more applicable, that the defendant may repel the presumption of malice, from the new

matter introduced. He may do more. As to the words proved against him, and not declared upon, he may justify them. They are not in the record. He hears them for the first time at the trial: and although it is the privilege of the plaintiff to introduce and prove such new matter, it is a right in the defendant to reply to it, by giving the truth of such new matter in evidence. He is debarred from pleading to them by the act of the plaintiff, and has otherwise no opportunity to reply. The doctrine would indeed be harsh and severe in the extreme, that would forbid him to repel, or prove the truth of such new charges. It is however otherwise.

"When other words not specified in the declarations are given in evidence to prove malice, the defendant is at liberty to prove the truth of the words, for he had no opportunity of justifying;" although the words so given in evidence be in themselves actionable. *2d Stark. Ev.*, *(6 Am. Ed.,)* 465. 3 *Steph., N. P.*, 2580. 2 *Stark., R.*, 457. *Warne vs. Shadwell.* See also *Bull., N. P.*, 10. the case of *Collinson vs. Loder.*

Thus then, if the appellee had confined himself to the proof of the words laid in his declaration, without relying upon the subsequent words of the appellant, to shew the malice, it was competent for the appellant to explain the *quo animo*, and repel the malice, by any other evidence, short of a justification of the words laid in the declaration. When he went beyond this, and proved other slanderous words, *not* in the declaration, spoken at other times and other places, and this for the purpose of enhancing his damages, it was the right of the appellant, so far as this testimony went to prove the malice, to repel it, by proving the truth of this extrinsic matter, and thus lessening the damages. The proof thus offered by the appellant, is to meet the charge of malice, not to defeat the appellee's action. Limited to this purpose, short of a justification of the words laid in the declaration, it was his privilege under the plea of "not guilty," to produce it. Any other rule, would in every such case, deprive a defendant of all means of explanation, take from him every palliating fact and circumstance that

ought to go in mitigation of the offence, and leave him defenceless in the hands of the plaintiff and the jury.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.