Pallet *v.* Sargent.

## PALLET *v.* SARGENT.

Matter stated under the general issue must constitute a defence to the action; otherwise the statement will be rejected, on motion.

Where, in case for slander, the words laid in the declaration charged that the plaintiff committed an offence with one person, evidence that he had committed a like offence with other persons, will not be received, either as a defence or in mitigation of damages.

Where the words laid charge the plaintiff with having committed a certain offence, evidence will not be received that he had committed a different offence, either with the same or with other persons.

Thus, where the words laid charged that the plaintiff had committed a rape on a particular person, named in the declaration, evidence will not be received that he had attempted to commit a rape on the same, and also on another person, either as a defence or in mitigation of damages.

Nor will evidence be received in mitigation that the plaintiff had admitted and boasted that he had committed, with other persons, offences of a like character with that charged upon him by the words laid in the declaration.

Where the defendant, to an action in the case for slander, pleads the general issue and a justification, he may give evidence in mitigation of damages under the general issue. *Quære*, whether he may not when a justification is pleaded alone?

Where the defendant pleads a justification, and offers evidence tending, but failing, to prove the truth of the words laid in the declaration, if this defence is made *bonâ fide*, and not with the purpose of spreading and perpetuating the original slander, the making of such a defence ought not to be considered in aggravation of damages; and whether the defence in such case is made with a fair or malicious purpose, is a question of fact for the jury.

Pallet *v.* Sargent.

CASE for slander.   The declaration set forth in due form words spoken by the defendant, charging the plaintiff with having committed adultery with the wife of one Whitney, with rape upon Whitney's wife, and also with rape upon one Malinda B. Hoag.

The defendant pleaded the general issue, and moved for leave to file a brief statement, that upon trial he would offer evidence, in mitigation of damages, that the plaintiff had repeatedly admitted and stated that he had criminal intercourse at different times with Hoag; also, evidence that the plaintiff had attempted to commit a rape on Hoag and the wife of Whitney ; also, evidence that the plaintiff had repeatedly admitted and boasted that he had had adulterous intercourse with females residing in the neighborhood of the parties.

The parties, being desirous of obtaining the opinion of the court as to the competency of such evidence, the question whether such evidence could be received to reduce the damages, under the general issue, with or without the brief statement, was reserved for the consideration of the whole court.

*George & Foster*, for the plaintiff.

*G. W. Morrison*, and *Rogers*, for the defendant.

PERLEY, C. J.   The words laid in the declaration charge that the plaintiff committed the crime of adultery with the wife of Whitney, and rape upon her and Melinda B. Hoag ?   The defendant by his statement offered to prove :

1. That the plaintiff had repeatedly admitted and stated that he had had criminal intercourse with Melinda B. Hoag.

2. That he had attempted to commit the crime of rape on the wife of Whitney, and on Melinda B. Hoag.

3. That he had repeatedly admitted and boasted that he had had adulterous intercourse with other females residing in the neighborhood of the parties.

Matter in mitigation of damages is not proper for a statement under the statute.   The statement takes the place of a plea, and

must disclose facts which constitute a defence to the action; otherwise, the statement will be rejected on motion. *Folsom* v. *Brown*, 25 N. H. (5 Foster) 120.

To justify the speaking of the words laid in the declaration, the plea and evidence must meet the specific charge. It is not enough to prove that the plaintiff was guilty of another crime, of a different character, or of the same character. A charge of stealing sheep is not justified by showing that the plaintiff stole meal and boards; nor a charge that he committed adultery with A, by proving that he committed adultery with B; nor a charge that he committed perjury in one part of his testimony, by proving that he committed perjury in another part of his testimony on the same trial. *Ridley* v. *Perry*, 16 Maine 21; *Andrews* v. *Vandeezer*, 11 Johns. 42; *Self* v. *Gardner*, 15 Mis. 480; *Holmes* v. *Johnson*, 11 Iredell 55; *Starr* v. *Harrington*, 1 Carter (Ind.) 515; *Sanford* v. *Gaddis*, 13 Ill. 329; *Palmer* v. *Haight*, 2 Barber, see Ct. R. 210.

This doctrine that a justification must fully and precisely meet the charge made in the words declared on, is recognized in *State* v. *Burnham*, 9 N. H. 34.

Tried by this rule, none of the matters which the defendant offered to prove could be received as a justification of the words laid in the declaration. The charge that the plaintiff had committed the crime of rape would not be justified by showing that he had attempted to commit that crime; for rape and the attempt to commit a rape are different and distinct offences. The plaintiff's statement that he had committed adultery with Hoag, or even the fact that he had committed adultery with her, would not justify the charge that he had committed adultery with the wife of Whitney; and so of the offer to show that he had admitted and boasted of having had adulterous intercourse with other females, as the statement is not a defence to the plaintiff's action, or any part of it, it should be rejected.

Any matter competent to be admitted in mitigation of damages may be received under the general issue, either when pleaded alone or with a justification. *Stone* v. *Varney*, 7 Met. 86.

Were the matters set forth in the brief statement, or any of them, competent in mitigation of damages?

In some cases it has been held that the defendant, to mitigate damages, may give evidence of such facts and circumstances as show a ground of suspicion, not amounting to actual proof of the plaintiff's guilt. *Williams* v. *Miner*, 18 Curt. 464; *Haywood* v. *Foster*, 16 Ohio 88; *Wagner* v. *Holbrunner*, 7 Gill 296. But the weight of authority, in this country, is the other way. *Bodwell* v. *Swan*, 3 Pick. 376; *Watson* v. *Moore*, 2 Cushing 133; *Regnier* v. *Cabot*, 2 Gilman 34; *Bush* v. *Prosser*, 13 Barber 221. And the decisions in this State, though perhaps the precise point has not arisen, go upon principles inconsistent with the admissibility of such evidence. Thus, in *Lamos* v. *Snell*, 6 N. H. 413, it was held that evidence of particular facts, tending to impeach the plaintiff's character, was not admissible in mitigation of damages; and in *Dame* v. *Kenney*, 25 N. H. (5 Foster) 318, it was decided that rumors and general reports are not evidence to mitigate damages. We are of opinion that evidence of facts and circumstances, tending to show, but failing to show, that the charge made in the words spoken was true, and such as might raise a suspicion that the plaintiff was guilty, is not admissible in mitigation of damages.

If, however, the conduct or declarations of the plaintiff himself have given the defendant just ground to believe that the statements which he made were true, there are authorities which hold that he may show this in mitigation of damages. *Bradley* v. *Heath*, 12 Pick. 163; *McAllaster* v. *Sibbley*, 25 Maine 474. And the defendant cannot give evidence of the crime charged in the words spoken, nor of any other crime in mitigation of damages. *Ridley* v. *Perry*, 4 Shepley 21; *Lamos* v. *Snell*, 6 N. H. 413.

The defendant in this case did not offer to prove the general bad reputation and character of the plaintiff, but he offered evidence tending to show that the plaintiff had been guilty of certain criminal acts, or that he had admitted that he was guilty of such

acts. This evidence, we think, was not admissible in mitigation of damages.

It has been supposed that the defendant in this action might be embarrassed in making his defence, if such evidence as was offered in the present case were not admitted in mitigation of damages, because, by pleading a justification, the damages would be aggravated, if the defence did not succeed. It is sometimes stated, in general terms, that pleading a justification, if it fails, will aggravate damages, as if this were a legal and universal consequence of pleading such a plea. It has been said that pleading a justification is a confession of malice, and, therefore, no evidence can be received to rebut malice. We are quite unable to perceive the reason why a party who fairly defends on the ground that the words which he spoke were true, and has evidence tending to show their truth, though not sufficient to satisfy the jury, is to be charged as a legal conclusion with malice, more than a defendant who admits that what he said was false. And we think it quite clear that this position cannot be maintained on any general principles known to the law. The cases which admit evidence in mitigation of damages, where a justification is pleaded with the general issue, would seem to be in conflict with this position.

If the defendant, under color of a justification, seeks to repeat and perpetuate his slander, it is evidence of malice, which the jury may consider against him. But if he believed when he spoke the words that they were true, and makes a *bonâ fide* defence to the action under a plea of justification, we do not see why he should make it under the penalty of being punished by increased damages, if he should fail to satisfy the jury of the fact, any more than in other cases where a defendant does not succeed in a *bonâ fide* defence. We think it should be left to the jury to decide, from the weight and character of the evidence introduced in support of the plea, and the manner and spirit in which the defence is conducted, whether the real object of the plea and evidence was to defend the action with a reasonable expectation of success, or to repeat the original slander ; and

this is the view taken of the subject in *Byrket* v. *Monohon*, 7 Blackf. 83 ; *Shank* v. *Case*, 1 Smith (Ind.) 87 ; *Murphy* v. *Stout*, 1 Smith (Ind.) 256.

This we think is the true rule, and under it the defendant cannot be embarrassed in making a fair and honest defence to the action, under a plea justifying the words, and offering the competent evidence in mitigation of damages under the general issue.

Indeed, it is at least doubtful whether, on principle, evidence in mitigation of damages ought not to be received when a justification is pleaded alone. Under the general issue there are two questions ; did the defendant speak the words laid ? and, if he did, what is the amount of the plaintiff's damages ? So, under a plea of justification, there are two questions ; were the words spoken true ? and, if not, what is the amount of the plaintiff's damages ? Under the general issue evidence of the plaintiff's general bad character may be received in mitigation of damages; because it is for an injury to his character and reputation that the action is maintained. But the nature of the injury of which the plaintiff complains is not changed by the plea of the defendant ; and it is certainly difficult to understand why the extent of the plaintiff's injury, and the amount which he ought to recover for his injury, do not depend on his character and reputation as much when the cause is tried on a plea justifying the words spoken, as on the general issue.