## Ebenezer L. Chapman *vs.* Aaron Ordway.

In an action of tort for slander, in accusing the plaintiff of the crime of buying and selling by unsealed weights and measures, and also of the crime of gross fraud and cheating at common law, a justification of the words spoken on the ground that they were true cannot be supported by evidence that the plaintiff "applied to a person to take some damaged meat and sell it, without letting it be known that the plaintiff was concerned in the transaction."

Tort for slander. The 1st count alleged that the defendant accused the plaintiff of the crime of buying and selling by unsealed weights and measures, by words substantially as follows: " You make false charges and keep false weights and measures." " He uses false weights and measures." The 2d count alleged that the defendant accused the plaintiff of the crime of gross fraud and cheating at common law, by words substantially as follows: " You cheat in weight and measure. You are a cheat and a liar, and everybody in town knows it." " He will cheat you in weight and measure and in every way." " He makes false charges, and cheats in weight and measure." The answer set up, amongst other things, that whatever words were spoken by the defendant of the plaintiff were true.

At the trial in the superior court, before *Lord,* J., the plaintiff

50 *

introduced evidence tending to prove the speaking of the words charged in the declaration ; and the defendant was allowed, under objection, to introduce the evidence of William Lord, who testified that "the plaintiff applied to him to take some damaged meat, and sell the same about in Lawrence, without letting it be known that the plaintiff was concerned in the transaction."

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*S. H. Phillips & G. E. Hood,* for the plaintiff, cited *Payson* v. *Macomber,* 3 Allen, 69 ; *Weaver* v. *Lloyd,* 2 B. & C. 678 ; *Finnerty* v. *Tipper,* 2 Camp. 72 ; *Johnston* v. *Tait,* 6 Binn. 121 ; *Root* v. *Lowndes,* 6 Hill, (N. Y.) 518 ; *Ridley* v. *Perry,* 16 Maine, 21 ; *Holton* v. *Muzzy,* 30 Verm. 365 ; *Bodwell* v. *Swan,* 3 Pick. 376.

*D. Saunders, Jr. & S. B. Ives, Jr.,* for the defendant, cited *Odiorne* v. *Bacon,* 6 Cush. 185 ; Gen. Sts. *c.* 166, § 1.

MERRICK, J. The evidence derived from the testimony of Lord was inadmissible, and should upon objection made to it have been excluded. It had no tendency to prove the truth of either of the alleged defamatory accusations set forth in the declaration as having been uttered and published by the defendant. It is averred in the first count that he accused the plaintiff of "the crime of buying and selling by unsealed weights and measures;" and in the second, that he accused him of "the crime of gross fraud and cheating at common law." Giving to the testimony its utmost force, and all the import and meaning of which it is really susceptible, or of which the defendant himself contends that it is capable, it shows only the intention or purpose of the plaintiff, upon one particular occasion, to cheat and defraud other persons, if he could induce the individual to whom he applied to coöperate with him in the sale of damaged meat. But it was a mere application on his part; and it does not appear from any statement in the bill of exceptions, nor has it been suggested that in fact, any evidence was tendered, or offered to be produced, to show that the application was successful, or that anything was done or attempted to be done in pursuance

of it. Such a proposal was undoubtedly very discreditab_e to the party making it, but it was not a positive violation of law, and did not constitute a criminal offence. The mere proposal to another to assist him in selling "damaged meat" certainly indicated no intention on the part of the plaintiff to sell it by "unsealed weights;" nor, unaccompanied by proof, or the offer of proof, of some additional act, admission or declaration connected with or attending it, had it any tendency to show that a fraudulent or criminal purpose was actually accomplished. The testimony should therefore, considered in reference to the circumstances under which it was offered and objected to, have been rejected.

The evidence was inadmissible in mitigation of damages. It is only the general character of the plaintiff, or his rank and condition in life, which may be proved for this purpose, and not particular instances of misconduct. *Wolcott* v. *Hall*, 6 Mass. 514. *Alderman* v. *French*, 1 Pick. 1. *Bodwell* v. *Swan*, 3 Pick. 376. As it was not admissible for this purpose, and had no tendency to support the jüstification set up by the defendant that the alleged defamatory accusations were true, its only effect could have been to create a prejudice against the defendant in the minds of the jury, and it should not therefore have been submitted to their consideration.     *Exceptions sustained.*