MAY, 1895.  175

Dennehy v. O'Connell.   Roche v. O'Connell.

JEREMIAH DENNEHY vs. MICHAEL O'CONNELL.

JOHN ROCHE vs. MICHAEL O'CONNELL.

Third Judicial District, Bridgeport, April Term, 1895. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The defendant petitioned the board of police commissioners of the city of
New Haven to remove the plaintiffs from the police force of the city,
alleging that they had been guilty of perjury.  In actions for libel based
upon such petition, the plaintiffs severally alleged in their complaints
that the charge of perjury "was false and malicious, and was known
by the defendant to be untrue; and was published by the defendant
with the deliberate purpose and intention of injuring the plaintiff, and
causing his dismissal from the police department." *Held* that the
demurrers to the complaints, upon the ground that the petition was a
privileged communication, were properly overruled.

Express malice in any written publication, petition, or proceeding, addressed
to such a tribunal, will make the publication, petition, or proceeding,
actionable, though the tribunal may have been the appropriate author-
ity for redressing the grievance preferred to it.

A witness who has been asked a question, whether on direct or cross-
examination, for the purpose of showing his interest and discrediting
his testimony, has the right to explain the matter inquired about.
The application of this rule is in the discretion of the trial judge, and
his action thereon will not be reviewed by this court on appeal.

The perjury which the defendant claimed had been committed by the plain-
tiffs, consisted in their testimony given in a prosecution against him for
illegal liquor selling, to the effect that they had found a pipe in his bar-
room extending upwards through the floor with a faucet attached, from
which they had drawn beer.  In the trial of the present action the plain-
tiffs gave like testimony.  *Held* that the evidence that the defendant's
counsel, upon the trial of the criminal cause, nine days after the alleged
finding of the pipe, requested the judge to visit the defendant's place and
inspect the premises, was inadmissible on behalf of the defendant.   The
offer amounted merely to a declaration of innocence by the defendant.

A witness *M* testified, both before the board of police commissioners and
upon the present trial, that he had placed a pipe in the defendant's bar-
room, as the plaintiffs subsequently testified they found it.   The de-
fendant, for the purpose of showing the manner and circumstances
under which *M* testified in the hearing before the police commissioners,
and the compulsion resorted to to compel him to so testify, but not for
the purpose of contradicting anything testified to by him, offered to
show that before *M* testified the plaintiffs called another witness who
testified that *M* had told him that he, *M*, did put in said pipe.  *Held*
that such evidence was properly excluded by the trial court.

On cross-examination a witness was asked if he was not the plaintiff in a certain case reported in the Connecticut Reports, counsel stating to the court that if the witness answered affirmatively he should offer the report of such case to affect his credibility. *Held* that the question was properly excluded.

The complaint set up certain accusations made by the defendant in a written petition, and referred to a copy of said petition " containing said accusations " as Exhibit A. This exhibit contained other statements than those recited in the complaint. The defendant in his answer alleged that all the statements in Exhibit A were true. *Held* that no statements except those recited in the complaint were in issue, and the defendant could not introduce evidence of the truth of such other statements.

[Argued April 16th—decided May 28th, 1895.]

ACTIONS in the nature of libel, brought to the Superior Court in New Haven County and tried together to the court, *George W. Wheeler, J.;* facts found and judgment rendered for the plaintiffs, Dennehy to recover $800 and Roche $700 damages, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

These actions were for libel based on the same publication. The complaints and the other pleadings are exactly alike, except the names. In the first case the complaint alleges that:—" 1. The plaintiff is and for more than three years last past has been a policeman under the police department of the city of New Haven.

" 2. On February 6th, 1890, the defendant published in certain charges preferred by him against the plaintiff before the board of police commissioners of the city of New Haven, in a certain written document purporting to be charges against the plaintiff, and addressed and delivered to the board of police commissioners of the city of New Haven, the following words concerning the plaintiff:

" ' One Jeremiah Dennehy and one John Roche then and now policemen of said city, testified at said trial' (meaning a certain trial had in the Court of Common Pleas, Criminal Side, held at New Haven, on November 8, 1889, wherein the defendant was charged with unlawfully selling liquors at No. 227 Chapel Street in said city of New Haven, on Sunday, the 20th day of October, 1889) ' that they entered said

premises on Sunday, about four o'clock in the afternoon, and found a pipe with faucet connected therewith in a certain bedroom, and said Dennehy testified that he drew beer from said faucet. All of said testimony was false and known by both said policemen to be untrue:' a copy of said written document containing said publication being the Exhibit A now on file in this cause.

" 3. The defendant meant thereby that the plaintiff had willfully and deliberately committed perjury in so testifying in said Court of Common Pleas.

" 4. Said publication was false and malicious, and was known by the defendant to be untrue, and was published by the defendant with the deliberate purpose and intention of injuring the plaintiff, and causing his dismissal from said police department.

" The plaintiff claims fifteen thousand ($15,000) dollars damages."

The defendant demurred to the complaint " because it appears upon the face of the record in this case that the writing declared upon was a privileged communication." The demurrer was overruled. The answer was : " First defense :— Paragraphs 1, 2 and 3 are admitted. Paragraph 4 is denied. Second defense : The defendant says that all the statements and allegations relating to the plaintiffs, appearing in Exhibit A annexed to said complaint are true."

By the finding of the court, it appears that the defendant had been prosecuted in the City Court for a violation of the liquor law and found guilty. He appealed to the Court of Common Pleas where a trial was had on the 6th and 7th days of November, 1889, on which trial the jury disagreed and the case was subsequently *nolled.* On each of these trials both of the plaintiffs testified to facts which are found to be substantially true.

The other portions of the finding, which present the questions made in this court, are as follows :—

" 6. On February 6th, 1890, the defendant presented to the board of police commissioners of the city of New Haven the charges set forth in Exhibit A. The plaintiffs were

178                    MAY, 1895.

Dennehy *v.* O'Connell.   Roche *v.* O'Connell.

summoned before said board, and tried upon said charges
and acquitted. Said trial continued through several sessions
of said board held in February and March, 1890. The de-
fendant appeared and testified, and then claimed that the
plaintiffs had, on the trial in said Court of Common Pleas,
committed perjury.

"14. I find that the defendant knew the plaintiff testified
in said Court of Common Pleas to the truth, and that the
charges which the defendant published to the board of police
commissioners, as set forth in Exhibit A, and which are al-
leged in these complaints, were false.

"15. On October 28th, 1889, the defendant began a suit
against Dennehy, upon a gróundless cause of action, for the
sum of $505.15, for the purpose of showing in the trial in the
Court of Common Pleas that prior to October 20th, 1889,
Dennehy had had a dispute with the defendant regarding
the subject-matter of this suit of October 28th; and upon the
trial herein the defendant offered in substantiation of his bill
of particulars in said suit of October 28th, false and fraudu-
lent entries upon his journals and ledgers of transactions
which never took place, and testified to dealings with Den-
nehy, none of which ever took place.

"19. I find that said charges of perjury as published by
the defendant in Exhibit A were false, and then known to
the defendant to be false and that in publishing said charges
the defendant acted with wanton and corrupt malice and
deliberation, and published the same for the purpose of dis
gracing the plaintiffs, and securing their dismissal from the
police force.

"20. Upon the cross-examination of the plaintiff, Den-
nehy, he was inquired of as follows:

"Q. Didn't you and he have some dispute about a liquor
bill that he claimed that you had run up over there in Blatch-
ley Avenue at that time? A. When?

"Q. Why, in 1889?

*       *       *       *       *       *       *       *

"A. Oh, there was a bogus suit brought against me at
that time by Michael O'Connell for $505.15, or something of

that kind, but I never had a dispute, and never had a conversation with him, nor I never owed him any bill. I never had any dealings with him.

\* \* \* \* \* \* \* \*

" Mr. Stoddard. The records will show it, won't they?

" Mr. Webb. Well, we will lay in the file in the suit of O'Connell against Dennehy.

\* \* \* \* \* \* \* \*

" 21. The plaintiffs offered in evidence the testimony of Charles F. Bollmann. \* \* \* Upon cross-examination of the witness he was asked if he was the plaintiff in the case of *Bollman* v. *Loomis*, reported in the 41st volume of Conn. Reports. The plaintiffs objected, the defendant's attorney claimed it, and stated that if the witness answered in the affirmative he should offer such case in evidence to affect the credibility of the witness. The court excluded the question and the defendant duly excepted.

" 22. Upon the trial the defendent took the stand, and was inquired of as follows :

" Q. I will ask you now when was the first time that you ever heard that there was a claim made that there was a pipe came up through that room ?

" A. That very day in the City Court. In the Police Court.

" Q. Now I will ask you if at your request your counsel asked the judge to go down there and look at at the premises that day ? Objected to by plaintiff. Claimed to show that the instant the claim was made, and before opportunity for change, the defendant requested the judge trying the cause to go and look at the premises, to determine from inspection whether there was any pipe there, or evidence of any. The court excluded the question, and the defendant duly excepted.

" 23. The plaintiff offered the testimony of one McDonald that he had placed a pipe in said room by cutting out a piece of said floor. Upon the cross-examination he said that said Roche came to him in the winter of 1890, pending said charges, and requested him to tell what he knew of the mat-

ter to the police commissioners; that he did not agree to do this; that after this, of his own motion, he went to said Catherine O'Connell and told her she knew he had put said pipe in said room, and requested her to let this matter drop. Failing in this he went to one of the police commissioners, and told him in confidence for his own use and that of the other members of the board, that he put said pipe in the room; that he was subsequently called before said board on a summons. The defendant offered to prove by the stenographer's notes of the testimony taken at the hearing before the board of police commissioners upon the charges contained in Exhibit A, that before McDonald testified on the hearing on said charges, Dennehy called one Patrick Mc-Govern, a policeman, who testified in the presence of Mc-Donald, that McDonald told him that he put the pipe in said room, and subsequently McDonald was placed on the stand and testified that he did put said pipe in. The defendant claimed this evidence to show the manner and circumstances under which McDonald testified before said board, and the compulsion resorted to to compel McDonald to so testify; but did not offer to contradict anything testified to by said McDonald in this case, by the testimony of said McGovern. Upon objection the court excluded the evidence, and the defendant duly excepted.

"24. The defendant at the trial offered to prove that the plaintiff, Dennehy, had testified falsely upon the defendant's trial in the Court of Common Pleas, regarding the color of the paint in the room in question, to show that that allegation in Exhibit A was true; but did not claim to offer this evidence for the purpose of contradicting anything Dennehy had testified to in this trial. The plaintiff objected, upon the ground that that issue was not raised upon the pleadings. The court excluded the evidence offered, and the defendant duly excepted."

*Charles S. Hamilton* and *William B. Stoddard,* for the appellant (defendant).

*John W. Alling* and *James H. Webb,* for the appellee (plaintiff).

Dennehy *v.* O'Connell.    Roche *v.* O'Connell.

ANDREWS, C. J.   The demurrer to the complaint was prop-
erly overruled.   The article published by the defendant might
have been privileged, if made without malice.   As it is charged
to have been made with malice, and " with the deliberate pur-
pose and intention of injuring the plaintiff and causing his
dismissal from the police department," it is clearly actionable.
A publication which would be privileged if made without mal-
ice may become libelous if maliciously made.   The general
rule in respect to privileged communications is that the plain-
tiff is required to bring home to the defendant the existence
of malice as the true ground of his conduct.   Malice may be
alleged and proved to have existed in proceedings before such
tribunal as is referred to in the complaint, although such tri-
bunal may have been the appropriate authority for redressing
the grievance represented to it; and proof of express malice
in any written publication, petition, or proceeding addressed
to such tribunal, will make the publication, petition or pro-
ceeding, actionable.   Folkard's Starkie on Slander, 506, 507;
*Blakeslee* v. *Carroll*, 64 Conn., 235.

Upon the cross-examination of the plaintiff, the defendant's
counsel asked him if the defendant and himself had not had
a dispute about a liquor bill.   This question was asked for the
purpose of discrediting the plaintiff, and to show that he was
interested.   The plaintiff had the clear right to explain that
claim, and to show just what it was.   Every witness, whether
on his examination in chief or on his cross-examination, has
a natural right to explain and make clear the evidence he
has given.   Swift's Evidence, 111.   The whole matter was
within the discretion of the judge, and is not the subject of
error.

The question asked of the witness Bollmann was properly
ruled out.   It is difficult to perceive why it was asked.

The defendant offered to show that at the time he was on
trial in the Police Court on the charge of violating the liquor
law, he asked the judge of that court to go and view the prem-
ises where it was claimed the pipe had been seen.   This offer
was ruled out.   As the trial in the Police Court was nine
days after the time when the witness claimed to have seen

the pipe in the bedroom, the willingness of the defendant to have the room examined on that day might have suggested to the Police Court that the room was not on that day in the same condition it was on the day the witness claimed to have seen it. The offer amounted to no more than a declaration by the defendant that he was innocent. There was no error in the ruling.

The witness McDonald testified that he put the pipe in the bedroom, in the place where the plaintiff stated that he had seen it; McDonald had testified to the same thing on the hearing before the police commissioners. At the present trial the defendant claimed to show that at the said hearing before the police commissioners, one McGovern was called as a witness and testified that McDonald had told him, McGovern, that he, McDonald, had put the pipe into the bedroom. It is not claimed that either McGovern or McDonald testified falsely. It is claimed now that the order in which these witnesses were called at the police hearing, had some sort of an influence on McDonald unfavorable to the defendant. It does not appear very clearly how. The argument in this court seems to be, that unless McGovern had been called and had testified as he did before McDonald was called, that he, McDonald, would have denied that he put the pipe in the bedroom, and would have said that he put it in the bar-room. In other words that McDonald might have denied a fact which he knew to be true. As so presented the claim of the defendant is that he was injured, because he was not allowed to show that at the police hearing the plaintiff took such a course in putting in his evidence that he prevented the witness McDonald from being drawn into a prevarication. It does not appear to this court that the defendant has any just ground for complaint.

The publication referred to as Exhibit A, contained various statements other than the one that is recited in the complaint; one of which is to the effect that at the said trial before the Court of Common Pleas, the plaintiff testified that the said bedroom was painted white, when in fact it was painted a dark color. Upon the trial of the present cause the defend-

ant offered to prove that said testimony was false, and to show that that allegation in the said Exhibit A was true. This evidence was not offered to contradict anything the plaintiff had said on the present trial. To this evidence the plaintiff objected, on the ground that the truth or falsity of that allegation in Exhibit A was not raised by the pleadings. The court sustained the objection. We are of opinion that this ruling was correct. The plaintiff excluded from his complaint all the parts of Exhibit A except the portion which he recited, and did this designedly. He says "a copy of said written document *containing said publication*, being the Exhibit A now on file in this cause." We have underscored some of the words in order to bring out the meaning which it seems to us, the plaintiff intended to convey. The clear reference to this part of Exhibit A would show that the other parts were intended to be excluded. To be sure, the second defense says that all the statements and allegations relating to the plaintiff appearing in Exhibit A are true. It is a general rule that all pleadings should be such as to fairly apprise the opposite party of the facts intended to be controverted. If by his second defense the defendant intended to put this allegation of Exhibit A into the case, he should have done so in some distinct manner, as by a recital, or by an express reference. Not having done anything of that kind, the plaintiff had the right to assume that he referred to Exhibit A in the same sense that the complaint had referred to it; and that the defense intended to aver no more than that the portion of Exhibit A set out in the complaint, was true. The court apparently took this view of the answer, and we think was amply justified in so doing.

The case presented by the finding is a peculiarly aggravated one, where a malicious libel making a willfully false charge against the plaintiffs has been supported by repeated and industrious perjuries. The damages are not excessive.

There is no error.

In this opinion the other judges concurred.