BERNARD ATLAS *vs.* ALBERT WHITHAM.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 13th—decided November 17th, 1931.

*Charles S. Hamilton,* for the appellant (plaintiff).

*Omar W. Platt,* for the appellee (defendant).

PER CURIAM. The plaintiff has filed twenty-four assignments of error, many of which are repetitious and most of which are not in accordance with our rules. Assignments specifying that the court erred in its findings or conclusions because there was not sufficient evidence to establish them, and the like, are improper. Rules of Appellate Procedure, §§ 7, 11, Form D II. This is also true of assignments that the court erred in finding or failing to find proven allegations in the pleadings or facts recited in the assignments or in reaching certain conclusions from the evidence. Assignments of error should be made to the specific paragraphs of the finding or draft-finding to which they are addressed and should not contain other recitals. A close adherence to Form D II will serve to clarify appeals.

The court found that the defendant said in the presence of third parties that the plaintiff was a grafter and that he had demanded and received a check for $100 from a boxing promotor as graft. It failed to find that he made a further statement alleged in the complaint that the plaintiff took money from a gambling

joint as a bribe for police protection, as well as a statement attributed to him by the plaintiff's witnesses that the plaintiff also took some money from some saloon keepers for protection. There was ample evidence to support the court's finding. The evidence concerning the further statements attributed to the defendant was conflicting and the court's refusal to find that they were made must stand. The court found that the statement made by the defendant was true. The facts upon which this conclusion was reached were amply supported by the evidence and the conclusion itself was a proper one. As this disposes of the case, it is unnecessary to consider the other conclusion of the court that the statement was conditionally privileged or the plaintiff's claim that the words spoken were actionable *per se.*

There is no error.