WILLAMENA JOHNSON *vs.* THOMAS G. WHIPPLE.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued November 7th—decided December 7th, 1933.

*Benjamin H. Hewitt*, for the appellant (defendant).

*George C. Morgan*, for the appellee (plaintiff).

HAINES, J. The complaint charged that on or about July 15th, 1932, the defendant spoke in the hearing of Peter Harris and Grace Harris, concerning the plaintiff, as follows: "Morris (meaning the plaintiff's son), was an illegitimate child." The first answer was

a general denial, to which was later added by amendment that, on that date, the defendant did say of the plaintiff to the parties named, "She had to get married the first time she was married" and that those words were true.

The appeal assigns error because of certain remarks of plaintiff's counsel in argument to the jury, as well as for errors and omissions in the charge. The court permitted the plaintiff to have a judgment for $500 upon filing a remittitur, which was done.

The only questions presented by the appeal, therefore, relate to the correctness and sufficiency of the charge and to the remarks of plaintiff's counsel. These remarks were improper, but upon the defendant's motion the court told the jury to disregard the excluded evidence to which they had reference. Taking into account the nature and circumstances of the remarks, and the admonition to the jury, we cannot hold that the defendant was so prejudiced as to warrant a finding of reversible error on that ground.

The various claims of error in the charge, as clearly appears from the argument and brief of counsel, turn for the most part upon the failure of the court to accept the defendant's contention regarding the scope of the pleadings and their implications. The defendant's claim was and is, that his plea was in effect one in justification, as proof by him of the truth of the words in the answer furnished a complete legal justification for the words in the complaint if the latter had in fact been spoken.

The court, however, told the jury, in substance, that if the words quoted in the complaint were held by them to import unchastity to the plaintiff and that they were spoken by the defendant under the circumstances charged, the plaintiff was entitled to a verdict without regard to the truth of the words recited in

the answer. The charge in part was: "We are limited entirely to the cause of action stated in the complaint, and our only inquiry here, and your only inquiry, is whether or not that statement was made, and made under the circumstances alleged in the complaint," and "the question whether or not he [the defendant] was justified in making the statement is not before you at all." This charge was correct unless the answer on its face has the legal effect of a plea of justification. This raises a question of law which is independent of the factual situation later disclosed. The case of *Atlas* v. *Whitham*, 113 Conn. 791, 156 Atl. 887, cited by the defendant, does not support his contention, for in that case the court found true the only derogatory statement which the plaintiff proved the defendant had made.

A plea, to have the effect of a plea of justification, must be as broad as the charge complained of. *Stow* v. *Converse*, 4 Conn. 17; *Skinner* v. *Grant*, 12 Vt. 456; *Grand Union Tea Co.* v. *Lord*, 231 Fed. 390; *Miller* v. *McDonald*, 139 Ind. 465, 39 N. E. 159; *Sheehey* v. *Cokley*, 43 Iowa, 183, 185. It must justify the very charge complained of and it is not sufficient to allege a different statement though it be one of the same general nature. *Stow* v. *Converse, supra; Mix* v. *Woodward*, 12 Conn. 262; *Dennehy* v. *O'Connell*, 66 Conn. 175, 33 Atl. 920; *Chapman* v. *Ordway*, 87 Mass. 593; *Ridley* v. *Perry*, 16 Me. 21; *O'Malley* v. *Illinois Publishing & Printing Co.*, 194 Ill. App. 544; Gatley, Libel & Slander (2d Ed.) pp. 173, 175 *et seq.;* 36 C. J. p. 1233. The obvious meaning of the words charged when spoken of the plaintiff was that she was the mother of an illegitimate son. In this State a sufficient plea in justification would have been that that statement was true. Conn. Const., Article First, § 7. The defendant did not directly so plead, but the plea

offered may nevertheless be good as one in justification if it meets and answers the substance of the words charged, though not meeting the letter of them. *Gregory* v. *Atkins,* 42 Vt. 237, 248; Gatley, *supra,* p. 178 *et seq.*

There is in the answer nothing to show by way of innuendo or otherwise what meaning was intended by the words the defendant claimed to have used. Lacking this, there can be no legal assumption that the statement was even derogatory. "She had to get married" necessarily implies that she acted under compulsion of some sort, the nature of which is not alleged. Proof of either statement—i. e. the words charged or the words admitted—would not necessarily establish the truth of the other statement. Even if the words admitted were spoken in their most derogatory sense, and were proved true, it would not be the equivalent of the charge that the plaintiff was the mother of an illegitimate son. The plea does not meet the specific charge made and therefore cannot be held to present the question of justification.

The court was not in error in charging that no issue of justification was raised by the pleadings, nor do we find reversible error in those other portions of the charge assigned but not pressed in the brief.

There is no error.

In this opinion the other judges concurred.