LESTER F. BARTLETT *v.* LEO B. FLAHERTY, JR.

KING, C. J., ALCORN, THIM, RYAN and MEYERS, Js.

Argued May 10—decided May 31, 1967

204

*Harry Hammer,* for the appellant (plaintiff).

*Bourke G. Spellacy,* with whom was *Alexander A. Goldfarb,* for the appellee (defendant).

THIM, J. The substituted complaint contains seven counts, each charging the defendant, the mayor of Rockville, with making certain defamatory statements concerning the actions of the plaintiff while he was a member of the Rockville police department. The defendant, by his answer, denied the material allegations of the complaint. The defendant also pleaded, by way of a special defense, that the alleged defamatory statements were, in fact and in substance, true. See *Atwater* v. *Morning News Co.,* 67 Conn. 504, 520, 521, 34 A. 865. The plaintiff replied, denying the defendant's allegation that the statements were true. The case was tried to the court, which rendered judgment for the defendant. The court found and concluded that the defendant's statements were of a privileged character, that the plaintiff was a public officer and that the statements concerning him were not made with actual malice, and that the defendant's statements were true.

The plaintiff assigned error to all of the findings and conclusions of the court stated above. He has chosen, however, to brief only certain of his assignments of error. The errors which he assigned to the court's finding and conclusion that the defendant's

statements were true are not briefed. Therefore, these assignments of error must be considered abandoned. *Derby Savings Bank* v. *Kurkowski,* 155 Conn. 60, 63, 230 A.2d 26; *Kasowitz* v. *Mutual Construction Co.,* 154 Conn. 607, 612, 228 A.2d 149.

A properly pleaded defense that the statements complained of were true is, when proven, a sufficient plea in justification. See *Johnson* v. *Whipple,* 117 Conn. 599, 601, 169 A. 619; *Corsello* v. *Emerson Bros., Inc.,* 106 Conn. 127, 131, 137 A. 390; *Atwater* v. *Morning News Co.,* supra; see also *Hogan* v. *New York Times Co.,* 313 F.2d 354, 355 n.1 (2d Cir.). To prevail on this appeal, the plaintiff would be required to show that the court had committed harmful error in finding and concluding that the defendant had proven his special defense of truth. Because the plaintiff has abandoned his attack on the court's finding and conclusion that the statements were true, his appeal must fail.

There is no error.

In this opinion the other judges concurred.