## John D. Griffin *v.* Bice Clemow et al.

Superior Court      Fairfield County      File No. 10533
AT Stamford

Memorandum filed December 9, 1968

*Hirschberg, Pettengill & Strong,* of Greenwich, for the plaintiff.

*Day, Berry & Howard,* of Hartford, for the defendants.

TEDESCO, J. The plaintiff in his complaint claims that he was libeled when the named defendant wrote the following article in a magazine known as "Connecticut Life." "John David Griffin is woven entirely of his own yarns. But unlike the two legendary characters who fabricated the invisible garment of gold and silver for the King, Griffin woofs on a colorful warp that is unavoidably visible, often at great distances. It is also audible."

A learned person will recognize the equation with the fraudulent tailors in the well-known fairy tale by Hans Christian Andersen, "The Emperor's New Clothes." One less learned, including the writer, has difficulty not only in recalling the above-mentioned fairy tale but also in culling from the passage in "Connecticut Life" the alleged libelous material. Be that as it may, a complaint has been filed that the defendant depicted the plaintiff as a "loud mouth, name dropping, bar frequenting liar," among other things. The latter quotation is a "translation" by the plaintiff's attorneys from the Andersenesque language to the understandable language of the average juror and jurist.

The defendant interposed five special defenses to each of which the plaintiff demurred.

## I

In the first special defense, the defendant alleged that the article was substantially true. The plaintiff argued that "substantially" meant that the article was partially true and, therefore, the defense was not a good defense. The defendant, however,

by alleging that the article was "substantially" true does not allege that it was partially true. Substantial truth is a basis of the defense of truth. *Stow* v. *Converse,* 4 Conn. 17, 33. "Substance" was accepted by the latest case of libel decided by the Connecticut Supreme Court. *Bartlett* v. *Flaherty,* 155 Conn. 203, 204.

In *Fleckenstein* v. *Friedman,* 266 N.Y. 19, 23, it was stated: "A workable test is whether the libel as published would have a different effect on the mind of the reader from that which the pleaded truth would have produced. 'When the truth is so near to the facts that fine and shaded distinctions must be drawn and words pressed out of their ordinary usage to sustain a charge of libel, no legal harm has been done'." In *Stow* v. *Converse,* supra, our Supreme Court said: "The term *substance* is used by way of contradistinction, from the *letter* and *form* of a charge; and although the latter is not required, the essence is indispensible." A federal court in *Piracci* v. *Hearst Corporation,* 263 F. Sup. 511, 515, decided that the "article, as a whole, gives a substantially accurate account of the arrest of the plaintiff." In a case against Drew Pearson, noted columnist, the court said that "the account given of the testimony in the newspaper column is substantially true." *Dall* v. *Pearson,* 246 F. Sup. 812, 813.

## II

The second special defense alleged that the article constituted fair comment. The plaintiff demurs by stating that fair comment is only available if the affair is one of public concern and if comment is made in good faith. This is an example of a speaking demurrer. "A demurrer is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein

alleged." *Wexler Construction Co.* v. *Housing Authority,* 144 Conn. 187, 194. The demurrer to this defense will fail, in any case, for the reason that if the affair was of public interest, the defendant is allowed fair comment.

It is incumbent upon the defendant to prove that the "public interest" requirement is fulfilled. *Charles Parker Co.* v. *Silver City Crystal Co.,* 142 Conn. 605. Vivian Kellems, well-known industrialist, sued the California C.I.O. union when the latter charged Miss Kellems with "treasonable operations" when she took to the public platform and urged the nonpayment of federal income taxes. The court held in that case, *Kellems* v. *California C.I.O. Council,* 68 F. Sup. 277, 278: "Those, who in public utterances seek to formulate and direct public opinion, have an accompanying responsibility." The remark, "treasonable," was within the field of fair comment.

### III

The defendant specially defends by alleging that the article was invited by the plaintiff. The plaintiff demurs by stating that "consenting to a publication is not a complete, absolute defense to prevent the plaintiff from bringing a libel action." We have, again, a speaking demurrer. Generally, however, one who invites public judgment is "in no position to complain if that judgment, opinion, comment or criticism is adverse." Prosser, Torts (2d Ed.), p. 621. One who invites comment must accept the opinion rendered if that opinion meets the test set out by our constitution and our courts.

### IV

The fourth special defense alleges that the plaintiff is a public figure and is prohibited from recovering any damages by the first and fourteenth amendments to the constitution of the United States. The

defendant may properly invoke the special defense, and, it may be observed, the fact may have escaped the plaintiff that the defendant must prove the allegations of the special defense. There must be proof that the plaintiff is a public figure, and if the principle of *New York Times Co.* v. *Sullivan,* 376 U.S. 254, is to be invoked, then the defendant implores the trier to treat a public figure on the same level as a public official, that is, actual malice must be proven. If, however, the plaintiff is proven a public figure, then the United States constitution requires that the plaintiff prove (1) a defamatory falsehood whose substance makes a substantial danger to reputation apparent; and (2) a showing of highly unreasonable conduct constituting an extreme departure from the standards of investigation and reporting ordinarily adhered to by responsible publishers. *Curtis Publishing Co.* v. *Butts,* 388 U.S. 130, 155.

## V

The defendant, in his fifth special defense, alleges that the article refers to a matter of public interest and, therefore, is protected by the first and fourteenth amendments to the United States constitution. The comment as to the second special defense is appropriate to the fifth special defense, both as to the bringing of a speaking demurrer and as to the substance of the court's remarks. Further, in *Time, Inc.* v. *Hill,* 385 U.S. 374, 388, the court said: "Erroneous statement is no less inevitable in such a case [matters of public interest] than in the case of comment upon public affairs, and in both, if innocent or merely negligent, '. . . it must be protected if the freedoms of expression are to have the "breathing space" that they "need . . . to survive" . . .'" The Connecticut Supreme Court in *Charles Parker Co.* v. *Silver City Crystal Co.,* 142 Conn. 605, 616, held that the defense of privilege extends not

only to fair comment but also to misstatements of fact if made in good faith without malice and under the honest belief that they are true.

The demurrers filed to the special defenses are overruled.