[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendants have moved for summary judgment on the Complaint in this action which alleges slander.
Allegations of Fact
The defendant, Penelope Chittenden has presented an affidavit which provides, in pertinent part:
 2. My daughter, Heather Watts, applied for and obtained an ex parte restraining order from the Middletown Superior Court on March 29, 1999. At the time, Heather and her children were living with my husband and me.
 3. On March 29, 1999, Heather contacted me and informed me that her husband, the plaintiff, John D. Watts was not permitted to come onto the Property pursuant to the restraining order that the Court had entered that day.
 4. On March 30, 1999, Mr. Watts unexpectedly entered upon the Property in direct violation of the restraining order.
 5. Out of concern for my safety and with knowledge of the restraining order, I immediately contacted the Clinton Police Department and I informed them that Mr. Waifs had entered upon the Property despite my daughter having previously obtained a restraining order prohibiting him from doing so.
 6. Shortly thereafter, the police arrived and escorted Mr. Watts away from my dwelling.
CT Page 11720
The plaintiff has submitted an affidavit which provides in pertinent part:
 3. On March 30, 1999 I went to the residence of William and Penelope Chittenden located at 31 Leffingwell Road, Clinton, Connecticut, to visit my children who were residing with them at the time;
 4. On said date when I arrived at their residence I was greeted by William Chittenden in the back yard who then engaged me in polite conversation for about 5 minutes when 2 Clinton Police Officers appeared and handcuffed (sic) and I was told that I was being arrested for trespass pursuant to a complaint made by William and Penelope Chittenden who had complained that they told me to leave the property and that I refused to leave the premises.
Mr. Watts has attached the Summons which he received from the police, which shows that he was charged with Simple Trespass in Violation of Connecticut General Statutes § 53a-110a.
At his deposition Mr. Watts testified that he thought he had been arrested for Simple Trespass because "I believe that the parents had told the police that I shouldn't — was not to be on their property."
Discussion Law and Ruling
Practice Book § 17-49 (formerly § 384) provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1991); Lees v. MiddlesexIns. Co., 219 Conn. 644, 650, 594 A.2d 952 (1991). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430,434, 429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 17-45, 17-46; Burns v. HartfordHospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v.Benson, 176 Conn. 304. 309, 407 A.2d 971 (1978); Strada v. ConnecticutCT Page 11721Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982); NewMilford Savings Bank v. Roina, 38 Conn. App. 240, 243-44, 659 A.2d 1226
(1995).
Summary judgment should only be granted if the pleadings, affidavits and other proof submitted demonstrate that there is no genuine issue as to any material fact. Scinto v. Stain, 224 Conn. 524, 530, cert. denied,114 S.Ct. 176, 126 L.Ed.2d 136 (1993); Connell v. Colwell, 214 Conn. 242,246, 571 A.2d 116 (1991). "Supporting and opposing affidavits shall be made on personal knowledge. shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Practice Book §17-46. Summary judgment is "designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried." Wilsonv. City of New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989).
The plaintiff alleges Penelope Chittenden committed slander per se when she "falsely reported that the plaintiff was trespassing upon their premises." Complaint ¶ 5. Slander is an oral defamation of character. An indispensable element of an action of slander is injury to the reputation of the person defamed. Urban v. Hartford Gas Co., 139 Conn. 301,308, 93 A.2d 292 (1952). Slander is "actionable per se" where the utterance charges a crime involving moral turpitude or to which a infamous penalty is attached. Moriarty v. Lippe, 162 Conn. 371, 383,294 A.2d 326 (1972). It is axiomatic that truth is an absolute defense to the tort of slander. Prosser, Law of Torts, § 116 (4th ed. 1971);Bartlett v. Flaherty, 155 Conn. 203, 205, 230 A.2d 436 (1967).
The alleged slanderous remarks in this case were made by Mrs. Chittenden to the Clinton Police. According to the affidavit of Mrs. Chittenden and the plaintiffs own deposition testimony, the statement made by Mrs. Chittenden was not slanderous because it was true — her daughter had obtained a valid restraining order against the plaintiff and the plaintiff was not supposed to be on the Chittenden's premises. The plaintiff does not deny the existence of the restraining order or that it prohibited him from being on the Chittenden's premises.
According to the plaintiff. Mr. Chittenden was engaging him in polite conversation and never advised the plaintiff that he was not to be on the property. Therefore, a statement to the police that the defendants had advised the plaintiff to leave their premises, and he had failed to do so, would have been untrue. However, the plaintiff has presented no admissible evidence that any such statement was ever made to the police. CT Page 11722 The statement in his affidavit that the "Clinton Police Officers appeared and handcuffed (sic) and I was told that I was being arrested for trespass pursuant to a complaint made by William and Penelope Chittenden who had complained that they told me to leave the property and that I refused to leave the premises," is inadmissible double hearsay and under Practice Book § 17-46 cannot be considered by the court.
At oral argument the plaintiffs counsel emphasized the fact the Mr. Chittenden had engaged the plaintiff in conversation while Mrs. Chittenden telephoned the police as if such conduct was some malicious form of civil entrapment. Obviously, when a restraining order has entered against a person, there is some reason to believe that that person is dangerous. Avoiding confronting such a person while the police are called is prudent behavior. Therefore, Mr. Chittenden's failure to immediately tell the plaintiff to leave the premises was cautious rather than devious conduct.
The only evidence properly before the court as to the specific allegedly slanderous statement is Penelope Chittenden's affidavit that she informed the police that "Mr. Watts had entered upon the Property despite my daughter having previously obtained a restraining order prohibiting him from doing so," and the plaintiffs deposition testimony that the defendants told the police that he was not supposed to be on their property. Since there was an restraining order under the terms of which Mr. Watts was not supposed to be on the defendants' premises, those statements were true. In the absence of any other admissible evidence which points to the existence of untrue statements by the defendants, there is no material issue of fact and the defendants are entitled to summary judgment, which is hereby entered in their favor.
By the court,
Aurigemma. J. CT Page 11723