## CATHERINE LONERGAN *vs.* THE CITY OF WATERBURY.

Third Judicial District, Bridgeport, October Term, 1920.
WHEELER, C. J., BEACH, GAGER, CASE and CURTIS, Js.

A verdict for $9,000, including therein $3,000 or more for special damages, for severe and permanent personal injuries received in falling upon a defective sidewalk, *held* not excessive.

An alleged error of the trial judge in misstating in his charge some of the details of the testimony of several witnesses, is not a ground for reversal, if the jury are told in that connection that they are the sole judges of the evidence and must trust to their own recollection of it.

Argued November 3d—decided December 22d, 1920.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Kellogg, J.;* verdict and judgment for the plaintiff for $9,000, and appeal by the defendant. *No error.*

In constructing a private driveway across the sidewalk at the place of the accident, the outer edge of the sidewalk had been abruptly graded down to the level of

the gutter, leaving a narrow strip next the gutter which was dangerous and to some extent concealed by a large telephone pole located in the sidewalk near the curb line. The plaintiff after passing by the pole stepped toward the curb and fell. Her injuries were severe and permanent. Defendant appeals from the denial of a motion to set aside the verdict as against the evidence, and because the damages were excessive, and for errors in the charge.

*Ulysses G. Church,* for the appellant (defendant).

*Francis P. Guilfoile* and *Charles S. O'Connor,* for the appellee (plaintiff).

PER CURIAM. In view of the large special damages proved and the severity and permanence of the plaintiff's injuries, the verdict was not excessive. On the testimony before us descriptive of the plaintiff's fall and of her position after the fall, the jury might reasonably have found that she slipped on the steep grade next the gutter while in the exercise of due care. From the evidence as to the construction of this driveway it appears that the abnormally steep slope of the sidewalk toward the gutter was the result of careless workmanship on the part of the unsupervised laborers who cut down the curb, rather than the intended result of any plan adopted by the municipal authorities. Except as to the issues above noted, the court charged the jury substantially as requested by the defendant, and as to these points its charge was correct. The alleged error in commenting on the testimony of the plaintiff and her two daughters, is based upon supposed misstatements of some of the details of their testimony. The court properly charged the jury that they were the sole judges of the evidence and must trust to their own recollection

of it; and since the evidence was sufficient to support the verdict, no reversible error was committed. Taken as a whole, the charge was correct in law and sufficient for the instruction of the jury.

There is no error.