JAMES PERRELLI *vs.* PETER SAVAS ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued March 2d—decided May 10th, 1932.

*DeLancey S. Pelgrift,* for the appellant (defendant).

*John Henry Sheehan,* with whom was *Samuel H. Rosenthal,* and, on the brief, *Joseph S. Carusi,* for the appellee (plaintiff).

MALTBIE, C. J.  The plaintiff brought an action in which he alleged that he suffered injuries by reason of the negligence of the defendant George Savas in the operation of a motor vehicle which collided with one which the plaintiff was driving and that George Savas was at the time the servant and agent of the defendant Peter Savas and was then acting within the scope of his employment.  The jury returned a verdict against both defendants, and Peter Savas moved to set it aside as far as it affected him.  The ground of the motion was that the jury had no basis in the evidence for finding that George Savas was operating the automobile he was driving at the time of the collision as the agent and servant of Peter Savas, the particular and only point at issue being that there was no reasonable evidence upon which they could find that Peter Savas was in the automobile at that time, as the plaintiff claimed.  A police officer testified that at a hospital immediately after the accident Peter Savas stated to him that he was in the automobile. The effect of such an admission as proof of the facts stated in it furnishes the subject-matter of much of the argument before us.  In *State* v. *Willis,* 71 Conn. 293, 306, 41 Atl. 820, we stated that admissions of a party to an action made out of court are always admissible in evidence and we added: "They are not admitted as testimony of the declarant in respect to any facts in issue; for that purpose they are open to the objections to hearsay evidence.  They are admitted because conduct of a party to the proceedings, in respect to the matter in dispute, whether by acts, speech, or writing, which is clearly inconsistent with the truth of his contention, is a fact relevant to the issue."  See also *State* v. *Wakefield,* 88 Conn. 164, 170, 90 Atl. 230.  There is much support for the contention that such an admission is direct evidence of the truth of the matter

stated. See Morgan, Admissions as an Exception to the Hearsay Rule, 30 Yale Law Journal, 355. However, we do not regard the distinction as of any great consequence for, looking at it from the standpoint adopted in *State* v. *Willis, supra,* the effect of such an admission is necessarily colored and determined by the words used. Such a statement as that attributed to Peter Savas, while it cannot be regarded as the equivalent of direct testimony, is some evidence, circumstantial in its nature, of the truth of the fact contained in it and under the circumstances of a particular case may be sufficient evidence of that fact. *Edgerton* v. *Edgerton,* 8 Conn. 6, 10; *Connecticut Hospital for Insane* v. *Brookfield,* 69 Conn. 1, 4, 36 Atl. 1017; 1 R. C. L. p. 474.

In this case the making of the admission did not stand alone as evidence that Peter Savas was in the car. He was its owner and was accustomed to take out George Savas with him in it and, though the latter was not a licensed driver, to permit him to operate it; while no one testified that Peter Savas was seen at the scene of the accident, there was evidence from which the jury might infer that he was present at the hospital with his brother immediately afterward; and the failure of the defendants to call as witnesses two other persons, apparently well known to them, who had been in the car on the trip during which the accident happened and who must have known whether or not Peter Savas was in it, permitted an inference by the jury adverse to his contention that he was not in the car. *Newton* v. *Southbury,* 100 Conn. 251, 254, 123 Atl. 278. On all the evidence, the jury might reasonably have reached the conclusion that Peter Savas was in the car at the time of the accident. If that be so, it is not questioned that they might draw the fur-

ther conclusion that George Savas was then acting as his servant and agent.

There is no error.

In this opinion the other judges concurred.