ANTHONY J. KERIN, ADMINISTRATOR (ESTATE OF
MICHAEL KERIN) *v.* MARY BACCEI.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued March 7—decided April 5, 1939.

*Thomas F. Wall,* for the appellant (plaintiff).

*David Cramer,* with whom, on the brief, was *Thomas F. Curtin, Jr.,* for the appellee (defendant).

BROWN, J. The plaintiff's material claims of proof were that his decedent, who had defective eyesight,

before leaving the westerly curb of Main Street in Torrington to proceed across the street by a marked crosswalk, looked north and south for approaching traffic, and then proceeded on the crosswalk until opposite the rear of cars parked diagonally to the curb, when he again looked both ways for traffic; that when he reached a point in the crosswalk twelve and a half feet from the west curb, being then about a quarter of the way across the street, the defendant's car as it came into his view approaching from the north about fifty feet away slowed as though to stop, whereupon he proceeded easterly on the crosswalk; that as he so continued he was knocked down at a point from one-third to one-half way across by the defendant's car which had come on without signal and at increased speed; and that this caused his death. The defendant's claims were that the decedent walked out in an uncertain manner from between parked cars; that she blew her horn and proceeded very slowly; and that the decedent until and at the time he went down was to the south and outside of the crosswalk. The complaint alleged that the defendant was negligent in several respects in the operation of her car. By her answer the defendant denied this and pleaded affirmatively that the deceased was guilty of contributory negligence. The jury's verdict was for the defendant and the plaintiff has appealed.

The plaintiff in argument has confined his appeal to two claimed errors in the court's charge to the jury bearing upon the issue of contributory negligence. The first relates to these references to the duty resting upon the decedent: (1) "A pedestrian crossing the street is bound to use his senses and the failure on the part of the pedestrian to use his senses to avoid a danger which is known, or ought to have been known, to him in the exercise of reasonable care and in the

exercise of his senses and his power of observation is negligence * * * "; (2) "The decedent in moving from a place of safety to a place of danger, if he did so, was bound to use his senses and to consider such facts and circumstances as would have been disclosed to him by a reasonable use of his senses and faculties." The plaintiff claims the court erred in failing to include in these instructions the qualification that only that use of the decedent's senses was required which the "reasonably prudent person would use under like circumstances," citing *Ezzo* v. *Geremiah*, 107 Conn. 670, 676, 142 Atl. 461, as authority, and that as given the charge prescribed no standard by which the jury could determine whether the decedent did make the use of his senses which the law requires. While these passages standing by themselves do suggest some basis for this claim, they are to be construed in the light of the charge as a whole. *State* v. *Griswold*, 73 Conn. 95, 100, 46 Atl. 829; *Salemme* v. *Mulloy*, 99 Conn. 474, 482, 121 Atl. 870; *Smart* v. *Bissonette*, 106 Conn. 447, 453, 138 Atl. 365; *Tappan* v. *Knox*, 115 Conn. 508, 511, 162 Atl. 7; *State* v. *Murphy*, 124 Conn. 554, 566, 1 Atl. (2d) 274. Subsequently, the court referring specifically to the decedent's duty said: "he is bound to use such care as a reasonably prudent person, situated as he was, would exercise under the same or similar circumstances, . . ." The charge was brief and the issue a simple one. While the inclusion of this qualification as an integrant part of passages (1) and (2) would have made for clarity, the charge as given, considered in its entirety as it must be, laid down a correct and sufficiently clear rule for the jury's guidance as to the decedent's duty in question. Since the jury could not have been misled by the statements complained of they do not constitute error. *Fierberg* v. *Whitcomb*, 119 Conn.

390, 395, 177 Atl. 135; *Ghent* v. *Stevens,* 114 Conn. 415, 419, 159 Atl. 94; *Tappin* v. *Rider Dairy Co.,* 119 Conn. 591, 594, 178 Atl. 428; *State* v. *Pecciulis,* 84 Conn. 152, 161, 79 Atl. 75.

The court, after charging in effect that the decedent, notwithstanding his defective eyesight, was held to the same standard of care as one not so afflicted, continued, in the words already quoted, that this meant "such care as a reasonably prudent person, situated as he was, would exercise under the same or similar circumstances," even though this required precautions not necessary on the part of one without such infirmity. The plaintiff contends that this erroneously imposed upon the decedent a higher duty than would have been his had he enjoyed normal eyesight. This contention is predicated upon the premise that the words "situated as he was" must have been understood by the jury to refer to the relative positions of the parties rather than the infirmity of the decedent. Clearly they referred to all of the circumstances affecting the decedent, including his infirmity as well as the position of the parties. The court's statement of the rule was correct. *Muse* v. *Page,* 125 Conn. 219, 4 Atl. (2d) 329; *Kerr* v. *Connecticut Co.,* 107 Conn. 304, 308, 140 Atl. 751; *LeCount* v. *Farrand,* 118 Conn. 210, 213, 171 Atl. 623.

There is no error.

In this opinion the other judges concurred.