### JENEVIEVE B. HILL *v.* DAVID SMALL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued January 7—decided February 3, 1943.

*Samuel Rosenthal,* with whom was *Abraham A. M. Schweitzer,* for the appellant (defendant).

*William M. Pomerantz,* for the appellee (plaintiff).

PER CURIAM. The plaintiff brought this action to recover an amount claimed to be due her upon the

settlement of the accounts of a partnership between herself and the defendant under which she was to hatch eggs and both parties were to sell the chicks, the expenses and profits of the undertaking to be shared equally. The trial court rendered judgment that the defendant pay the plaintiff a certain amount found to be due her at the termination of the partnership, upon the basis that he had collected the price of certain chicks sold by him. The defendant has appealed. His sole claim is that the only evidence that he had collected these amounts was the plaintiff's testimony that he had stated this to be so, and that since he denied this on trial the statement was no more than an attack on his credibility and could not be received as evidence of the fact itself.

The error into which the defendant has fallen is suggested by his citation of the case of *Meagher* v. *Colonial Homes,* 109 Conn. 343, 146 Atl. 609. It is true that contradictory statements made out of court by a witness not a party to the action have no probative force, their effect being simply to attack the credibility of the witness; *Branford Trust Co.* v. *Prudential Ins. Co.,* 102 Conn. 481, 485, 129 Atl. 379; but when the witness is a party to the action his extrajudicial statement may be more than a contradiction. It may be treated as an admission. *Davis* v. *Greenstein,* 112 Conn. 530, 535, 153 Atl. 161. Jones, Evidence, Civil Cases (3d Ed.), §§ 236, 237; 31 C. J. S. 1091, § 317. We said of similar testimony in *Perrelli* v. *Savas,* 115 Conn. 42, 44, 160 Atl. 311, that, "while it cannot be regarded as the equivalent of direct testimony, [it] is some evidence, circumstantial in its nature, of the truth of the fact contained in it and under the circumstances of a particular case may be sufficient evidence of that fact." An unattacked finding in the instant action is that the defendant obtained

orders of the value of $942.86 and made delivery of chicks on these orders, and this was under an arrangement that if payment was not made the chicks were to be repossessed. The defendant made no claim that the chicks had been repossessed and contented himself with a denial that he had collected their purchase price. His previous admission that he had collected this finds support in these circumstances and the trial court was warranted in its conclusion and judgment.

There is no error.