JENNIE R. MANCANIELLO, EXECUTRIX (ESTATE OF PETER MANCANIELLO) *v.* WILLIAM A. GUILE ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued November 3—decided December 21, 1966

*William R. Moller,* with whom were *Pasquale R. Ierardi* and, on the brief, *John J. Langenbach,* for the appellant (plaintiff).

*Joseph T. Sweeney,* with whom was *Robert L. Halloran,* for the appellees (defendants Guile and Spencer).

KING, C. J. Shortly before 8 o'clock in the evening of Sunday, August 25, 1963, Peter Mancaniello was

a passenger in an automobile owned and operated by his son, John Mancaniello, who was one of the defendants in this action. They were traveling in heavy, northbound traffic, on route 9, a two-lane highway with narrow shoulders. Estimates as to the speed of the northbound traffic ranged between thirty and forty-five miles per hour. The posted speed limit was forty-five miles per hour. Immediately ahead of the Mancaniello car were one or two vehicles, and these were preceded, in the sequence hereinafter set forth, by a car operated by Jennie Cerasoli, two cars whose operators were not identified, a 1949 Ford pickup truck owned by the defendant Richard H. Spencer and operated by his employee, the defendant William A. Guile, a car driven by Armando E. Cerasoli, and one or two other cars. John Mancaniello turned his car into the left, or southbound, lane and began to pass all of these vehicles, accelerating to a speed of seventy miles per hour in the process. The right front fender of his car and the left rear fender of the truck driven by Guile came into contact, and the Mancaniello car veered off the left side of the highway, snapped off a telephone pole, spun around, and struck the car driven by Armando E. Cerasoli which was next ahead of the Guile truck. Peter Mancaniello received the injuries from which he ultimately died.

This action, brought by the plaintiff as executrix under the will of Peter Mancaniello, resulted in a plaintiff's verdict against the defendant John Mancaniello only and defendants' verdicts in favor of Guile and Spencer. The plaintiff has appealed from the judgment insofar as it was in favor of the defendants Guile and Spencer.

At the trial, one of the issues was whether or not the Guile truck was at all times in its right-hand

lane. The plaintiff claimed to have proved that Guile attempted to pass the cars ahead of him and turned the truck onto the left side of the highway, causing a collision with the Mancaniello car just as that car was commencing to pass the truck. Guile claimed that he did not cross the center line of the highway.

The plaintiff submitted a written request to charge that, under General Statutes § 14-232,[1] it is the duty of the driver of an overtaken vehicle "to give the right of way" in favor of a passing vehicle and that, if Guile violated this statute, he was negligent as a matter of law. The statute, however, requires, in this connection, only that the overtaken driver "give way to the right" in favor of the overtaking vehicle. The requested charge stated, for the overtaken driver, a duty different from, and more onerous than, that prescribed by the statute. Error cannot be predicated on a refusal to comply with a request which is erroneous. *Penna* v. *Esposito,* 154 Conn. 212, 214, 224 A.2d 536; *Bernard* v. *Ribner,* 151 Conn. 670, 673, 201 A.2d 658. The court did not err in refusing to charge as requested.

Moreover, paragraph 7 (c) of the complaint charged Guile with a violation of General Statutes

---

[1] "Sec. 14-232. PASSING. Except as provided in sections 14-233 and 14-234, (1) the driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the highway until safely clear of the overtaken vehicle; and (2) the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle. No vehicle shall be driven to the left side of the center of the highway in overtaking and passing another vehicle proceeding in the same direction unless the left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken."

§ 14-232 as an operator of an overtaking, rather than an overtaken, vehicle, and it is obvious that the court correctly so construed the complaint. In its charge as given, the court first read § 14-232 in its entirety. It then charged as to the duties of the operator of an overtaking vehicle under the statute.

At the conclusion of the charge, the plaintiff excepted to the court's failure to give a specific charge on the portion of § 14-232 which stated the obligations of Guile as an overtaken motorist. As pointed out, this was a specification of negligence not appearing in the complaint. Furthermore, and quite apart from the deficiency in pleading, an exception was an insufficient basis for such an assignment of error. "Any party intending to claim the benefit of . . . any specific statute shall file a written request to charge on the legal principle involved." Practice Book § 250.[2] An explanation of this rule, together with the requisites of an adequate request to charge, is set forth in *Lowell* v. *Daly*, 148 Conn. 266, 269, 169 A.2d 888, and need not be repeated here. Neither the plaintiff's erroneous request to charge, which incorrectly stated the law applicable to an overtaken operator, nor her exception, constituted a compliance with the rule. Had the complaint contained a proper allegation of the statutory negligence now claimed against Guile, and had the plaintiff conformed to § 250 of the Practice Book, this claimed error would almost certainly not have occurred. As the case was presented, the plaintiff can predicate no reversible error on the

---

[2] This rule of course supersedes the contrary statement in cases, such as *Atkins* v. *Varrone*, 127 Conn. 156, 159, 14 A.2d 731, which were decided prior to the adoption of the rule (then Practice Book, 1934, § 156A), effective September 1, 1942.

court's failure to charge on the duties of an overtaken motorist under General Statutes § 14-232.

The plaintiff also claimed that Guile, in violation of General Statutes § 14-220, operated his truck at such a slow speed as to impede traffic.[3] On the plaintiff's own claims of proof, the Guile truck was preceded by two or three automobiles and was in, or closely approaching, a "no passing zone", designated by a state traffic commission sign and a solid line painted down the center of the highway. See General Statutes § 14-234. Thus, there was in the case substantial evidence tending to bring Guile within the first two exceptions set forth in General Statutes § 14-220, viz., "when reduced speed is necessary for safe operation or in compliance with the law." There was, however, no mention whatsoever of either of the two exceptions in the plaintiff's request to charge, which merely paraphrased the first portion of the statute and stated that, if Guile violated that portion of the statute, he was negligent as a matter of law. In the light of the plaintiff's own claims of proof, the giving of such a charge as requested would have been reversible error. Obviously such an erroneous request to charge is not a compliance with the requirements of § 250 of the Practice Book on at least two grounds. First, it was erroneous, and, second, it utterly failed to explain "the meaning and interpretation of the statute in the light of the claims of proof in the case." *Lowell* v. *Daly,* 148 Conn. 266, 270, 169 A.2d 888.

[3] "Sec. 14-220. SLOW SPEED. No person shall operate a motor vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with the law or the direction of an officer."

We have not had occasion previously to consider General Statutes § 14-220. It is obvious that its meaning, in many not unlikely applications, is obscure. Similar statutes in other states have been productive of much difficulty. Cases illustrating the difficulty in applying such a statute can be found in an annotation in 66 A.L.R.2d 1194 and in 5 A.L.R.2d Later Case Service, p. 1015. Indeed, one court has stated that "[t]his statute has caused difficulties in the past, perhaps because its broad language invites application while its significance as a cause of motor vehicle collisions usually requires a restricted application." *Aanenson* v. *Engelson*, 267 Minn. 1, 6, 124 N.W.2d 360. Thus, there was an especial need, in connection with this particular statute, of a careful compliance with § 250 of the Practice Book. *Lowell* v. *Daly,* supra.

A third claim of the plaintiff is that the court erred in refusing to submit to the jury her allegation of negligence to the effect that, in violation of General Statutes § 14-240, Guile operated his truck at an unreasonably close distance behind the car in front of him.[4] The short answer is that the plaintiff filed no request to charge on this statute as required by Practice Book § 250. *Lowell* v. *Daly,* supra. This failure to file a proper request to charge is adversely dispositive of this assignment of error. *State* v. *Alterio,* 154 Conn. 23, 26, 220 A.2d 451. Thus it is unnecessary to determine whether the court was correct in refusing to charge on the

---

[4] "Sec. 14-240. VEHICLES TO BE DRIVEN REASONABLE DISTANCE APART. (a) No driver of a motor vehicle shall follow another vehicle more closely than is reasonable and prudent, having regard for the speed of such vehicles, the traffic upon and the condition of the highway and weather conditions. (b) No person shall drive a vehicle in such proximity to another vehicle as to obstruct or impede traffic. . . ."

statute because there was no evidence from which the jury could find that it had been violated, or, even if a violation could be found, because there was no evidence from which the jury could find that any violation could constitute a proximate cause of the accident.

Finally, the plaintiff complains in her brief that the court, in its charge, gave undue emphasis to the testimony of certain members of the Cerasoli family, some of whom were eyewitnesses to the collision, and whose testimony generally favored Guile; and that the court failed to comment on the testimony of a state policeman who arrived after the accident.

In the beginning of the charge, the court told the jury to consider all the evidence in the case bearing on the issues presented, whether introduced by the plaintiff or the defendants, and whether or not it was referred to by the attorneys or by the court in the charge. After the plaintiff had voiced her complaint in an exception, the court recalled the jury and reiterated its instructions that their own recollection of the testimony was to prevail over any statement of it made by the court and that they must consider all the evidence whether or not referred to by the court. An examination of the charge indicates that the court commented extensively on the evidence both in favor of Guile and against him and that no unfair emphasis was placed upon the testimony of any particular witnesses. See cases such as *Dwyer* v. *Redmond,* 100 Conn. 393, 403, 124 A. 7. The plaintiff's case against Guile was obviously much weaker than that against Mancaniello, from whom the plaintiff recovered a substantial verdict. Comments are not improper merely because they tend to uncover the weaknesses of a weak case, the difficulties of a difficult case or the

strength of a strong case. *Quednau* v. *Langrish,* 144 Conn. 706, 710, 137 A.2d 544, and cases cited. This assignment of error in the charge is without merit.

There is no error.

In this opinion the other judges concurred.