RITA GOSSELIN ET AL. *v.* ROBERT P. PERRY

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued January 4—decision released March 12, 1974

154

*Vincent J. Trantolo,* for the appellants .(plaintiffs).

*Albert Zakarian,* for the appellee (defendant).

MacDonald, J.   The plaintiffs, Alfred Gosselin, his wife Theresa, and his children, Alfred, Jr., James, Michael, Rita and Yvette Gosselin, were injured when an automobile owned and operated by the defendant collided with the plaintiffs' pickup truck with attached trailer on route I-91 in the town of Windsor Locks, the accident having occurred on the Dexter Coffin bridge.   After a trial to a jury a verdict was rendered in favor of the defendant and the plaintiffs have taken this appeal from the judgment rendered thereon.

The plaintiffs have assigned as error several portions of the court's charge to the jury, the court's denial of their motions to set aside the verdict and for a directed verdict and one paragraph of the finding,[1] which is not subject to correction.

---

[1] The plaintiffs claim that the court erred in "finding" without evidence a paragraph of the finding.   A finding in a jury case is a mere narrative of the facts claimed to have been proved and is designed to test the correctness of the charge and the rulings of the court.   *State* v. *Raffone,* 161 Conn. 117, 129, 285 A.2d 323; *State* v. *Carnegie,* 158 Conn. 264, 266, 259 A.2d 628, cert. denied, 396 U.S. 992, 90 S. Ct. 488, 24 L. Ed. 2d 455.   Such a statement does not establish the existence of any of the facts stated therein but only that there was evidence tending to show their existence.   Maltbie, Conn. App. Proc. § 143.   It is enough to support a claim of facts proven that there was evidence reasonably supporting it.   *Petroman* v. *Anderson,* 105 Conn. 366, 369, 135 A. 391; Maltbie, Conn. App. Proc. § 145.   The appendix to the defendant's brief clearly contains sufficient evidence to support the claim of proof in question.

We consider first the assignments of error
addressed to the charge. The correctness of the
charge is determined by the claims of proof of the
parties. Practice Book § 635; *Raia* v. *Topehius,* 165
Conn. 231, 232, 332 A.2d 93. The plaintiffs
offered evidence to prove and claimed to have
proved the following facts: The plaintiff Alfred
Gosselin was on July 3, 1969, the owner of a 1967
Chevrolet pickup truck. Located in the bed of the
truck was a camper and, on the night in question, a
1967 Shasta trailer was being towed behind the
truck. At approximately 9:25 p.m. on that date the
plaintiff Alfred Gosselin was operating the pickup
truck and towing the trailer northerly on route I-91
in the town of Windsor Locks at a point on the
Dexter Coffin bridge. Each of the other plaintiffs
was present, Theresa and Michael in the cab of the
truck and Rita, Yvette, James and Alfred, Jr., in the
camper in the bed of the truck. The trailer in the
rear of the truck was equipped with seven yellow
running lights across the top front of the trailer and
six red running lights at the rear of the trailer, all
of which were on and functioning properly at the
time of the collision. Traveling north from Hart-
ford, route I-91 as far as the Dexter Coffin bridge
is a two-lane limited access highway. At or near
the beginning of the bridge the highway becomes
three lanes wide, the extreme right-hand lane being
an acceleration and deceleration lane for entering
and exiting traffic. Each of the lanes is about
twelve feet wide. At the time in question it was
extremely dark and a heavy rain had commenced to
such an extent that the plaintiff Alfred Gosselin's
visibility was impaired so substantially that he
could not see where he was going. He slowed down
on the bridge and pulled over to the right as far as

possible. He did not know, because of the poor visibility, that he had brought his vehicle to rest on a bridge. When the vehicle had been brought to a stop Rita Gosselin exited the rear of the camper and walked to the front of the truck between the truck and the bridge abutment for the purpose of taking her brother Michael from the cab of the truck to the camper. When Rita had reached the cab of the truck a collision occurred in the rear of the trailer forcing the truck and the trailer forward and throwing her to the ground.

The plaintiffs also claimed to have proved the following: The defendant had been operating his vehicle to the rear of the plaintiffs' truck northbound on route I-91 at fifty to fifty-five miles per hour in the extreme right-hand lane. He saw the red lights on the rear of the trailer before the impact. Shortly before the collision the defendant had consumed four twelve-ounce bottles of beer at a local restaurant. The defendant's automobile struck the rear of the trailer so that when the vehicles came to rest the defendant's automobile was virtually entirely within the trailer. Subsequent to the accident the defendant pleaded guilty in the Circuit Court to a violation of § 14-240 (a) of the General Statutes, "following too closely," with regard to his "activities" on the night of the accident. The defendant thought he was at fault in the accident, and pleaded guilty to a violation of § 14-240 (a) with the "advice and counsel of Attorney Testa." He pleaded guilty for the following reasons: (1) "Well, I had always been told that whoever hits in a rear end accident is to blame, so I just figured I was." (2) The defendant did not check the law. (3) The defendant was "unable to afford an attorney." After

the accident the defendant had an odor of liquor on his breath, his walk was unsteady but not pronounced and he was disoriented. At the Circuit Court the defendant stated to the plaintiffs: "I shouldn't have been drinking. It's my fault."

The defendant's claims of proof included the following: On July 3, 1969, there were no signs on the Dexter Coffin bridge which authorized vehicular parking. There were no shoulders on the bridge, but there were parking shoulders for emegency stops and for disabled vehicles immediately to the south and immediately to the north of it. The plaintiff, Alfred Gosselin, Sr., parked his vehicle in order to transfer his son, the plaintiff Michael Gosselin, from the front seat of the truck into the camper which was lodged in the bed of the truck. Prior to parking on the bridge the plaintiff did not look into the rearview mirror of his truck to see the traffic conditions behind him. Prior to the accident Rita Gosselin did not look around to see where she was on the highway or to see what traffic was like when she got out of the camper. When the defendant entered his automobile to leave the restaurant where he had had his supper, he felt fine and did not feel in any way affected by the four bottles of beer he had had. Just before the defendant drove on to the Dexter Coffin bridge it began raining hard, visibility was reduced to approximately three feet, and the defendant reduced his speed from sixty to "50 to 55 miles per hour." Prior to July 3, 1969, the defendant had driven over the Dexter Coffin bridge many times but had never seen a vehicle parked or stopped on it and did not expect to see one that night. As he was proceeding on the bridge the defendant suddenly saw red lights and immediately applied his

brakes. His vehicle began to slide and skid on the wet surface of the road in a straight line into the rear of the Gosselin trailer. The defendant did not turn his vehicle to the right because on his right was the side of the bridge, and did not turn his vehicle to the left because there were cars traveling in the lane to his left. At the time of the accident the defendant was not under the influence of alcohol. When the defendant pleaded guilty to the charge of "following too closely" he did not have a lawyer with him and could not afford to hire one to defend him. The defendant did see an attorney prior to pleading guilty, but was not advised on what to do. At the time he pleaded there was a question in his mind as to whether the accident was his fault. The defendant did not say to the plaintiffs that the accident was his fault or that he should not have been drinking.

It should be noted, before considering the plaintiffs' attacks on the charge, that they made no requests to charge the jury on the issues they now contest. The plaintiffs first maintain that the court erred in the portion of its charge relating to the issue of the defendant's consumption of alcohol,[2] claiming that it removed any consideration of alcohol from the jury. The plaintiffs contend that evidence of the defendant's consumption of alcohol was relevant to the allegation in their complaint that the

---

[2] The plaintiffs challenge the following portion of the charge: "Now, ladies and gentlemen, that comprises all the claims of negligence made by the plaintiffs, and I am going to add this additional instruction as to the allegations of negligence. There has been evidence produced here to the effect that Mr. Perry had drunk some beer on the evening in question. I will tell you that there is no specification of driving under the influence of liquor in the complaint, and I will request you to consider no such specification of negligence

defendant was not keeping a "reasonable and proper lookout" and that the charge "completely and effectively removed any consideration of such evidence."

A jury charge must be read as a whole and error cannot be predicated upon detached sentences or portions; *Danehy* v. *Metz,* 140 Conn. 376, 379, 100 A.2d 843; nor can error be claimed because it is not as accurate upon legal principles as the opinions of a court of last resort, if it fairly presents the case to the jury in such a way as to avoid injustice. *Lucier* v. *Meriden-Wallingford Sand & Stone Co.,* 153 Conn. 422, 425, 216 A.2d 818. The charge instructed the jury not to consider any allegation of driving under the influence as a "specification of negligence." There is no question here that there was no specification of negligence based upon driving under the influence of liquor in the complaint, so that the charge in question is perfectly proper in that respect. See *Megin* v. *Carney,* 148 Conn. 130, 133, 167 A.2d 855; *Smith* v. *Housing Authority,* 144 Conn. 13, 16, 127 A.2d 45; *Johnson* v. *Whipple,* 117 Conn. 599, 602, 169 A. 619; Maltbie, Conn. App. Proc. § 72. Nor was there a request to charge on the issue. As we said in *Lewandoski* v. *Finkel,* 129 Conn. 526, 531, 29 A.2d 762: "One purpose of requiring specific allegations of negligence in a complaint is to enable the trial court, if the case

---

as 'driving under the influence of liquor,' and you are to dismiss any such allegation as a specification of negligence from your minds. I will also add at this time that in the course of the trial there may have been questions asked and objections made, and possibly you were sent out of the room. I will ask you to dismiss from your minds any question that was asked, and I will instruct you not to draw any inferences, proper or otherwise, arising from any such question having been asked. In other words, you are to decide this case only on the allegations of the pleadings and on the evidence that you actually hear in court."

is tried to the jury, to determine what issues it should submit to them, and unless *by the allegations, or at least by a request for a charge,* it is reasonably informed of a claim of negligence upon which a plaintiff relies it is justified in not submitting that claim to the jury." (Emphasis added.)

The plaintiffs nonetheless contend that the second part of this portion of the charge removed any consideration of alcohol from the jury by precluding them from drawing reasonable inferences from the evidence presented. Quite clearly, the portion of the charge in question merely instructed the jury not to draw inferences from the fact of a "question having been asked," which may have resulted in an objection or the sending of the jury "out of the room." The court specifically instructed the jury on the law regarding normal inferences in another portion of the charge, a portion which is unchallenged on this appeal. We find no merit to the plaintiffs' challenge to this portion of the charge.

The plaintiffs next contend that the court erred in its charge in that it failed properly to state the law with respect to a plea of guilty to a violation of a statute and its applicability to admissions. It is undisputed that the defendant pleaded guilty in the Circuit Court to a violation of § 14-240 (a) of the General Statutes, entitled "Vehicles to be driven reasonable distance apart."[3] Both the plaintiffs and the defendant point out in their briefs that testimony concerning that plea represented a substantial portion of direct and cross-examination. The court's instructions to the jury regarding the defendant's

---

[3] "[General Statutes] Sec. 14-240. . . . (a) No driver of a motor vehicle shall follow another vehicle more closely than is reasonable and prudent, having regard for the speed of such vehicles, the traffic upon and the condition of the highway and weather conditions."

plea of guilty, and its charge, given somewhat later, on the question of admissions are set out in the footnote.[4]

Although the plaintiffs concede that the court's charge as to the plea was correct "as far as it went," they maintain that it was incomplete in that it failed to instruct the jury that it might conclude liability on the basis of the plea of guilty and that it was deficient in that it failed to state that such a plea (1) could be considered as an admission by the defendant that he was negligent, (2) could be considered as an admission on proximate causation, and (3) was inconsistent with the defendant's claim at trial that he was not at fault.

We repeat, as we have said on many prior occasions, that the charge must be read as a whole; *Dokus* v. *Palmer,* 130 Conn. 247, 256, 33 A.2d 315; that the test is not whether it is exhaustive, perfect,

---

[4] The charge as to the plea of guilty was as follows: "In this case, the defendant has admittted he pleaded guilty to a violation of Section 14-240 of the General Statutes, 'following too closely.' He also explained why he pleaded guilty. Ladies and gentlemen, a plea of guilty does not in and of itself conclude civilly or establish that he was negligent, nor does it establish that he is responsible for the collision. You must decide from all the evidence the question of negligence and also the proximate cause, as I have explained those terms to you."

The charge relating to admissions was as follows: "In the liability section of my charge, ladies and gentlemen, I omitted the section on admissions, which I will instruct you on now. An admission of a party to a suit, that is a plaintiff or a defendant made out of court, is admissible in evidence, not as the equivalent of direct testimony of the party in respect to any fact or issue but because conduct of a party in respect to matters in dispute, whether by act, speech or writing which is inconsistent with the truth of any of his contentions on the stand is a fact relevant to the issue involved in such contention. You will recall the defendant submitted an interrogatory which is an Exhibit. It is the defendant's contention that that is an admission or inconsistent statement. You may give it such weight as you see fit to give it in accordance with the law as I have instructed you."

or technically accurate; *Steinecke* v. *Medalie*, 139 Conn. 152, 157, 90 A.2d 875; nor is it to be placed under a legal microscope for technical flaws. *Borsoi* v. *Sparico*, 141 Conn. 366, 371, 106 A.2d 170. A charge is to be considered from the standpoint of its probable effect on the jury. *State* v. *Bell*, 153 Conn. 540, 544, 219 A.2d 218; *Kerin* v. *Baccei*, 125 Conn. 335, 337, 5 A.2d 876. The charge herein, while it might have been more complete, sufficiently instructed the jury on the law in question. The charge as to the plea of guilty, conceded to be correct in what it states, particularly when read with the charge as to statutory negligence,[5] was clearly

[5] Portions of the charge relating to the statutory ground of negligence read as follows: "Now, ladies and gentlemen, I told you that the concept of negligence is broken down into two categories, and I just defined the common law rule of negligence, and I will now define the statutory rule of negligence. In regard to the definition of negligence I have just given you, which is the common law rule of negligence, there is also what may be referred to as statutory negligence, which consists of the violation of any statute passed by our legislature which sets up or prescribes a rule of conduct to be applied by a person in a situation. The applicability . . . [of] one in a situation governed by it is negligence in and of itself, and it must be found to be negligence as a matter of law."

"Paragraph G says 'in that he was following the plaintiffs' motor vehicle and attached trailer and camper more closely than was prudent having regard for the speed of said vehicle, the traffic, the conditions of the highway and the weather conditions then and there existing in violation of Section 14-240 (a) of the Connecticut General Statutes.' This is a statutory ground of negligence and in its appropriate portions the statute reads, 'no driver of a motor vehicle shall follow another vehicle more closely than is reasonable and prudent, having regard for the speed of such vehicle, the traffic upon and the condition of the highway and weather conditions.' "

"Now, you will keep in mind all the evidence. The statute does not state how far apart these vehicles should have been. You must keep in mind the rate of progress, if any, they were making, whether or not there was any other traffic, if so, how much, what the actual condition of the highway was at the time and place and the evidence concerning the weather then prevailing. If you find that the defendant violated this statute, then such a violation is negligence in and of itself."

adequate in delineating the effect of the plea as related to statutory negligence. We reiterate that a charge need not be exhaustive, nor is it to be tested by "whether it applies pertinent rules of law to every ramification of the facts conceivable from the evidence." *Szela* v. *Johnson Motor Lines, Inc.*, 145 Conn. 714, 721, 146 A.2d 910.

Similarly, in referring to the fact that the defendant "admitted" that he pleaded guilty in its charge as to the plea, and in its subsequent charge as to admissions, the court did not confuse the jury nor unduly restrict their consideration of relevant admissions. Indeed, for the court to have charged that the plea of guilty could have been an admission of proximate cause would probably have been error on its part. See *Mancaniello* v. *Guile,* 154 Conn. 381, 387–88, 225 A.2d 816. While the court did not specifically state that the guilty plea could be considered as an admission by the defendant that he was negligent or that it was an inconsistent statement, this was implicit in the charge read as a whole. The challenged portion of the charge was, under the circumstances, sufficient in the absence of a request to charge on the effect of the plea as an admission.

The plaintiffs' final attack on the court's charge is that it failed to relate the law to the facts with sufficient particularity to guide the jury to a proper result and omitted the important aspects of the plaintiffs' claims, instead emphasizing those of the defendant, thereby giving the jury the impression that the defendant's claims were more meritorious. Several specific claims are subsumed within this general assignment. The plaintiffs first maintain that the court erred in not specifically mentioning

in its charge certain claims of proof enumerated in their brief. The degree to which reference to the evidence may be called for is largely a matter for the discretion of the court. *Gorham* v. *Farmington Motor Inn, Inc.,* 159 Conn. 576, 583, 271 A.2d 94. It must not, however, unduly emphasize the claims of one party or charge the jury in such a way that injustice is done. If the court does so, and the jury are misled thereby, the judgment will be reversed. *Kuczon* v. *Tomkievicz,* 100 Conn. 560, 565, 124 A. 226; *State* v. *Rome,* 64 Conn. 329, 339, 30 A. 57. We see nothing in the trial court's failure to mention the specific claims of proof complained of by the plaintiffs that would result in unfairness to them or would mislead the jury, particularly in the absence of a request to charge.

The plaintiffs also challenge the portion of the charge relating to the alleged violation of § 14-240 (a),[6] claiming that it should have instructed the jury that if they found that the defendant violated the statute and that such violation was the proximate cause of the injury, it was their duty to render a verdict for the plaintiffs. The court gave a charge on proximate cause and, in the section challenged, stated: "If you find that the defendant violated this statute, then such a violation is negligence in and of itself." The juxtaposition of these two portions of the charge substantially results in the instructions which the plaintiffs now claim to have been omitted.

The plaintiffs again attack the charge on admissions,[7] claiming that the court failed to mention

[6] See footnote 5, supra.
[7] See footnote 4, supra.

sufficient claims of proof to guide the jury. They contend that the court should have mentioned the plea of guilty and other claimed admissions of the defendant, instead of mentioning only an "insignificant" admission of the plaintiffs claimed by the defendant. As we have noted, the status of the guilty plea as an admission was implicit in the charge and the plea itself was further an undisputed fact that had been repeatedly referred to by counsel during examination and argument. No error, therefore, can be predicated on the failure to mention it in the charge on admissions. See *Ingeneri* v. *Makris,* 131 Conn. 77, 80, 37 A.2d 865; *Corriveau* v. *Associated Realty Corporation,* 122 Conn. 253, 256, 188 A. 436. As to the failure to mention other claimed admissions, the court was not bound to discuss particular items of the testimony, such comment being discretionary; *Gorham* v. *Farmington Motor Inn, Inc.,* supra; particularly since the issues were clearly delineated during the trial and the argument of counsel fairly presented the case; *Tough* v. *Ives,* 162 Conn. 274, 287, 294 A.2d 67; and there was no request to charge. Additionally, the court charged the jury: "What I say as to the facts is not in the least binding upon you. If I mention facts, you will understand that I do so *only to illustrate some point of law.*" (Emphasis added.) This phraseology is substantially akin in effect to cautioning the jury to depend upon their own recollection of the testimony, which can render harmless a court's misstatement. See *Lonergan* v. *Waterbury,* 95 Conn. 574, 575, 111 A. 836; *State* v. *Perretta,* 93 Conn. 328, 342, 105 A. 690.

Finally, the plaintiffs challenge the court's charge on emergency and unavoidable accident on two

grounds.[8] First, they argue that it was unfair in that the court did not apply the emergency situation to the plaintiffs as well as to the defendant. The obvious answer to this claim is that the court did do so, as shown by the portion of the charge quoted in the footnote.[9]

[8] The court's charge as to emergency and unavoidable accident reads as follows: "There is a disposition to argue that every injury is the result of somebody's negligence, but in many cases there are mere accidents or casualties for which humanly speaking no one is to blame. In other words, there are such things as accidents which occur without the fault of anyone and without liability on the part of anyone. An accident which could not be prevented by the exercise of reasonable care and prudence is called 'an unavoidable accident,' and if you should believe from the evidence that this occurrence is of such a character, these plaintiffs are not entitled to recovery. There is some evidence in this case to raise the possibility that the collision resulted from an unavoidable accident. The plaintiffs have the burden of proving that this collision resulted from the negligence of the defendant as set forth in the complaint rather than from a mere accident. One who, without negligence on his part, is suddenly confronted with imminent danger is not required to exercise that degree of care and skill which would be required after a careful review of the facts after an accident has occurred. He is required only to act as a reasonably prudent person would act under similar circumstances. Accordingly, when an emergency situation requires an immediate choice between alternative courses of conduct, negligence may not be inferred because of an unwise choice, nor does one become liable because of an error in judgment. If you find from the evidence that the defendant, through no fault of his own, suddenly found himself unable to stop or turn his car, then the law does not require him to exercise any higher degree of care than would have been exercised by a reasonably prudent person under the same or similar circumstances. And, if you find that under such circumstances there was more than one course of conduct open to him, the law would not hold him negligent because of an unwise choice in pursuing the course which he did or for an error in judgment on his part."

[9] "The next specification is that 'he parked his vehicles upon a heavily traveled public highway in violation of the Connecticut General Statutes.' Now, that statute to which reference is made is Section 14-251. Its title is 'Parking Vehicles,' and its appropriate portion reads as follows: 'no vehicle shall be permitted to remain stationary within the limits of a public highway in such a manner

The plaintiffs also argue that the court neglected to instruct the jury that if the emergency situation itself was the result of the defendant's negligence he would not be able to avail himself of that defense to liability. The charge is replete with such phrases as "without negligence on his part" and "through no fault of his own." These clearly make the point the plaintiffs now claim was not made. We find no error in the court's charge to the jury.

The plaintiffs assign error in the court's failure to grant their motion for a directed verdict as to the five passenger plaintiffs, claiming that the defendant was negligent as a matter of law. This court does not favor the direction of verdicts; *Mott* v. *Hillman,* 133 Conn. 552, 555, 52 A.2d 861; and has pointed out that motions to direct should only be granted in exceptional cases; *McWilliams* v. *American Fidelity Co.,* 140 Conn. 572, 578, 102 A.2d 345; and where the circumstances are such that, if the

---

as to constitute a traffic hazard or obstruct the free movement of traffic thereon. Nothing in this section shall be construed to prohibit a vehicle from stopping in an emergency to avoid accidents.' Now, ladies and gentlemen, under this statute, it is a violation of the statute if one, the vehicle remains stationary, two, within a public highway, three, if by so doing a traffic hazard is created or, four, the free movement of traffic is obstructed. In deciding whether in this case a traffic hazard is created or whether traffic is unduly obstructed within the meaning of the statute, you should consider all these circumstances, including the condition of the highway, the weather conditions, the visibility and the traffic. You should also consider the last portion of the statute I have read to you, having in mind that this particular statute is not violated if the vehicle had been stopped in an emergency in order to avoid an accident. In deciding whether or not such an emergency existed, you should again consider all the circumstances present at the time, which I have already indicated to you. An emergency may be defined as an unforeseen combination of circumstances or the resulting state of mind that calls for immediate action, a pressing need."

jury had rendered a verdict upon the evidence, the court might properly have set it aside. *Mott v. Hillman,* supra. As we stated in *Ulrich v. New York, N.H. & H.R. Co.,* 98 Conn. 567, 570, 119 A. 890, and repeated in *Greenley v. Miller's, Inc.,* 111 Conn. 584, 588, 150 A. 500: "When the reasoning mind could not reasonably reach another conclusion, the judge should direct a verdict, otherwise he should refuse to direct. The same end can be reached by setting aside the verdict after the plaintiff has been accorded a full trial of his cause."

The plaintiffs also assign as error the court's failure to grant their motion to set aside the verdict. The principles involved in reviewing a decision to deny a motion for a directed verdict substantially apply to a motion to set aside a verdict. See *Ardoline v. Keegan,* 140 Conn. 552, 555, 102 A.2d 352; Maltbie, Conn. App. Proc. § 202. "[W]e are concerned primarily with whether the court has abused its discretion. See *Hagstrom v. Sargent,* 137 Conn. 556, 561, 79 A.2d 189. In determining this the unquestioned rule is that 'great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness.' *Dudas v. Ward Baking Co.,* 104 Conn. 516, 518, 133 A. 591; *Roma v. Thames River Specialties Co.,* 90 Conn. 18, 20, 96 A. 169. It must always be borne in mind that litigants have a constitutional right to have issues of fact decided by the jury and not by the court. *Schlag v. Paffney,* 103 Conn. 683, 685, 131 A. 420; *Robinson v. Backes,* 91 Conn. 457, 460, 99 A. 1057." *Ardoline v. Keegan,* supra. In the present case the disputed claims of proof could easily have led the jury to find that the defendant was not negligent, that the accident was unavoidable or a result of a "sudden emergency" or that

the defendant's conduct was not a substantial factor in bringing about the impact. For the court to intercede in such a case as this would mean that "the constitutional guarantee of trial by jury would have little force." *Labbee* v. *Anderson,* 149 Conn. 58, 60, 175 A.2d 370. The court's denial of the motion for a directed verdict and its denial of the motion to set aside the verdict were both unquestionably correct.

There is no error.

In this opinion HOUSE, C. J., SHAPIRO and LOISELLE, Js., concurred.

BOGDANSKI, J. (dissenting). The probative effect of the defendant's out-of-court admissions was a major issue in the trial of this case. It is undisputed that the defendant pleaded guilty in the Circuit Court to "follow[ing] another vehicle more closely than is reasonable and prudent, having regard for the speed of such vehicles, the traffic upon and the condition of the highway and weather conditions." General Statutes § 14-240 (a). That plea of guilty was an admission of negligence. *Dumond* v. *Denehy,* 145 Conn. 88, 89–90, 139 A.2d 58; *Bradley* v. *Niemann,* 137 Conn. 81, 83, 74 A.2d 876. In addition, the plaintiffs offered evidence to prove and claimed to have proved that the defendant said to one of the plaintiffs, "I shouldn't have been drinking. It's my fault." I believe that the court's instructions on the subject of those admissions were insufficient, and that as a consequence the charge in its entirety was inadequate, considered from the standpoint of its effect on the jury in guiding them to a correct verdict. *Gulia* v. *Ortowski,* 156 Conn. 40, 47, 238 A.2d 396.

The court instructed the jury on the subject of admissions in the following words: "In the liability section of my charge, . . . I omitted the section on admissions, . . . . An admission of a party to a suit, that is a plaintiff or defendant made out of court, is admissible in evidence, not as the equivalent of direct testimony of the party in respect to any fact or issue but because conduct of a party in respect to matters in dispute, whether by act, speech or writing which is inconsistent with the truth of any of his contentions on the stand is a fact relevant to the issue involved in such contention." The trial court did not relate this portion of its charge to the evidence or the pleadings concerning the defendant's admissions. The plaintiffs duly excepted and claim on appeal that the court erred (1) in not properly stating the law as to admissions; (2) in not fairly stating the claims of the plaintiffs; and (3) in failing to relate the law to the facts with sufficient clarity to permit the jury to comprehend it.

This court has previously had occasion to disapprove virtually the same standardized instruction[1] in *Worden* v. *Francis*, 153 Conn. 578, 581–82, 219 A.2d 442, saying: "While the court's instruction was a correct general definition of an admission, it was not related, in this or any other portion of the charge, to the plaintiff's crucial extrajudicial state-

---

[1] The instruction was: "I should also say something to you about our rule as to admissions. An admission of a party to a suit, that is, a plaintiff or defendant, made out of court, is admissible in evidence, not as the equivalent of direct testimony of the declarant in respect to any fact in issue, but because conduct of a party in respect to matters in dispute, whether by act, speech or writing, which is inconsistent with the truth of any of his contentions in this trial, is a fact relevant to the issue involved in any such contention." *Worden* v. *Francis*, 153 Conn. 578, 581, 219 A.2d 442.

ment.    The court did not inform the jury that an admission is admissible against the plaintiff in proof of the matter stated in it.  *Sears* v. *Curtis,* 147 Conn. 311, 315, 160 A.2d 742.  Nor did the court distinguish between the evidential quality of an admission; *Perrelli* v. *Savas,* 115 Conn. 42, 44, 160 A. 311; and a mere contradictory statement, of a witness who was not a party, which could only be offered to affect credibility.  *Hill* v. *Small,* 129 Conn. 604, 605, 30 A.2d 387."  The error in the charge in *Worden* v. *Francis,* supra, was held to be harmful. In the present case the charge on admissions was equally insufficient.  The trial court failed to relate its charge to the defendant's plea of guilty or to his other alleged admission, and failed to instruct the jury on the evidentiary weight to be given the admissions.

The error was not cured by the court's instruction on the effect of the defendant's guilty plea.  The court charged as follows: "In this case, the defendant has admitted he pleaded guilty to a violation of Section 14-240 of the General Statutes, 'following too closely.'  He also explained why he pleaded guilty.  Ladies and gentlemen, a plea of guilty does not in and of itself conclude civilly or [sic] establish that he was negligent, nor does it establish that he is responsible for the collision.  You must decide from all the evidence the question of negligence and also the proximate cause, as I have explained those terms to you."  The plaintiffs also took timely exception to this portion of the charge.  While the court correctly informed the jury that the guilty plea did not conclusively establish negligence, the court neglected to instruct the jury that the plea constituted an admission, with all that that implied. See *Dumond* v. *Denehy,* supra, 89.

The test of a charge is whether it is correct in law, adapted to the issues and sufficient for the guidance of the jury. *Berniere* v. *Kripps,* 157 Conn. 356, 358, 254 A.2d 496; Maltbie, Conn. App. Proc. § 76. "The primary purpose of the charge is to assist the jury in applying the law correctly to the facts which they might find to be established." *Vita* v. *McLaughlin,* 158 Conn. 75, 77, 255 A.2d 848. "[T]he charge must go beyond a bare statement of accurate legal principles to the extent of indicating to the jury the application of those principles of the facts claimed to have been proven. *Crane* v. *Hartford-Connecticut Trust Co.,* 111 Conn. 313, 315, 149 A. 782. While the degree to which reference to the evidence may be called for lies largely in the discretion of the court; *Corriveau* v. *Associated Realty Corporation,* 122 Conn. 253, 256, 188 A. 436; an allusion to it is required sufficient to furnish a practical guide to the jury as to how the stated law is to be applied to the evidence before them." *Worden* v. *Francis,* supra, 580; *Vita* v. *McLaughlin,* supra.

The trial court's charge failed to measure up to the standards of relevance and precision enunciated in *Worden* v. *Francis,* supra, and innumerable other cases. The plaintiffs' failure to request appropriate instructions in advance does not excuse the error. *State* v. *Monte,* 131 Conn. 134, 137, 38 A.2d 434; *Bjorkman* v. *Newington,* 113 Conn. 181, 185, 154 A. 346; Maltbie, Conn. App. Proc. § 106. This is not a case in which the plaintiffs' failure to file a written request to charge on the legal principle involved in a specific statute prevents their challenge to the adequacy of an instruction. See Practice Book §§ 249, 250; Maltbie, loc. cit. I would find error and order a new trial.