[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE THE VERDICT AND ORDER A NEW TRIAL
The plaintiff, Point Construction Inc., has filed a motion to set aside the verdict and order a new trial in the above matter. The plaintiff had brought suit against the defendant alleging negligence, negligent misrepresentation, breach of implied contract and violation of Connecticut Unfair Trade Practices Act (CUTPA). The plaintiff has alleged that such verdict is contrary to law and against the evidence produced at trial.
The court considers certain principles in acting on such a motion. "A serious constitutional issue can be raised by setting aside the verdict of the jury. In a case such as this, litigants have a constitutional right to have issues of fact decided by the jury." (Citations omitted.) "The right of a trial by jury is fundamental in our judicial system and this court has said that the right is one obviously immovable limitation on the legal discretion of the court to set aside the verdict, since the constitutional right of a trial by jury includes the right to have issues of fact as to which there is room for reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court." (Citations omitted.)
"However, it is the court's duty to set aside the verdict when it finds that it does manifest injustice and is palpably against the evidence." (Citations omitted.) "Of course, whether the court would have reached a different verdict is not in itself decisive." (Citations omitted.) Barbieri v. Taylor, 37 Conn. Sup. 1, 2, 3.
The court also considers the general verdict rule insofar as CT Page 2409 defendant has referred to the same. See Curry v. Burns, 225 Conn. 782. Further, the general principle is that "the charges are to be understood and read as a whole and that individual instructions are not to be judged in `artificial isolation' from the overall charge." State v. Maturo, 188 Conn. 599.
The plaintiff has brought this action in four counts. It seeks damages based upon negligence, negligent misrepresentation, breach of implied contract, and unfair or deceptive trade practices. These matters arise out of a construction job whereby Point Construction Inc. undertook to build a bridge for the Town of Cheshire, and Phillip Genovese Associates Inc. were the consulting engineers. The plaintiff filed nine paragraphs wherein it claims that the court erred in the charge to the jury and furthermore it claims that the verdict was contrary to the evidence produced at trial.
The first item is the inclusion of "foreseeability" of damages as an element of negligence. "So, the ultimate test of the existence of the duty to use reasonable care is found in the foreseeability that harm may result that care is not exercised." Transcript, Charge page 24. The plaintiff argues as follows: "Clearly, charging that damages and negligence must be "foreseeable" from the position of the defendant is contrary to law and has prejudiced the plaintiff in this case." Plaintiff's brief, page 5.
"The test that is often applied in determining whether there exists a duty to use care is the foreseeability of harm." ""Would the ordinarily prudent man in a position of the defendant, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered would likely to result?"" This does not mean the foreseeability of any harm whatsoever or the foreseeability that the particular injury which resulted would occur. "It is, in short, the foreseeability or anticipation that harm the general nature suffered would be likely to result, which gives rise to the duty of care, breach of which might constitute negligence." D. Wright, and J. Fitzgerald, Connecticut Law of Torts, 2nd Edition Section 29. "The matter of foreseeability is a matter of proximate cause, (citation omitted), and the `question of proximate cause is ordinarily a question in fact for the trier.' "`Conclusions of proximate cause are to be drawn by the jury and not by the court.'" Gutierrez v. Thorne, 13 Conn. App. 493, 500,501. See also Attardo v. Ambriscoe, 147 Conn. 708, 712. CT Page 2410
The court was correct in including foreseeability within the context as it was set forth in the charge. Further, the claim must fail under the general verdict rule in that the issue was found for the defendant. Curry v. Burns, 225 Conn. 782, 803.
The second issue raises the issue whether the court erred in his charge by requiring expert engineering testimony to establish damages. It also raises a question of whether the court erred by failing to correct this error during the courts charge on this issue.
A review of this matter by the transcripts shows the court recharged on three points. One point is whether or not engineering testimony was required to establish damages. The court indicated that the measure of damages were set forth in exhibits AA, TT, UU, VV, and XX. Thereafter the transcript reads as follows: The Court: "All right, those three matters you agree?" Attorney Dowling, "Yes, your honor." Attorney Donnell, "Yes, your honor." The Court: "We agree on the charge, all right, fine. You may return to the jury room and continue deliberations. Yes?" Transcript, June 25, 1992 Second Excerpt p. 9.
The error which the court allegedly had committed was in failing to address the information contained in exhibits AA, TT, UU, VV, and XX and this would correct the charge on that point. Thereafter, Mr. Donnell informed the court that the three matters had been agreed upon and the court had charged them on that point. The court had refused to recharge the two issues raised by Point, and made a comment for the record. Again, the general verdict rule applies, because the jury presumably found that Genovese did not breach the applicable standard of care.
In items 3, 4 and 5, the plaintiff is claiming that the court did not include in its charge certain specifics of the meaning of public welfare, the failure to charge the jury concerning professional duty of due care to the low bidder of the project and failure to include evidence of intentional conduct on the part of the defendant in violation of CUTPA.
"The charge herein, while it might have been more complete, sufficiently instructed the jury on the law in question." Gosselin v. Perry, 166 Conn. 152 p. 153.
On item six, the CUTPA claim, the claim is that the court provided with the charge an "overly restrictive reading of the CT Page 2411 Pepperidge Farms case." The court read the plaintiff's request to charge 10 in its entirety. "We reiterate that a charge need not be exhaustive, nor is it to be tested by `whether it applies pertinent rules of law to ramification of the facts conceivable from the evidence.'" Gosselin v. Perry, 166 Conn. 152, 163.
"A charge is to be considered from the standpoint of the probable effect on the jury." Gosselin v. Perry, supra., p. 162.
The seventh item claims lack of characterization of the testimony of the witnesses Messrs. Choti and Disbrow. "The degree to which reference to the evidence may be called for lies largely in the discretion of the court." Gorham v. Farmington Motor Inn, Inc., 159 Conn. 576, 583.
The eighth item challenges the admission of the testimony of Messrs. Heller and Magnano. "The determination of the qualification of an expert is largely a matter for the discretion of the trial court. . . .' Some facts must be shown as the foundation of such an opinion, but there is no rule of law declaring the precise facts which must be proved before such an opinion may be received in evidence. It is largely a matter of judicial discretion whether a witness has been shown to have sufficient experience and opportunity of observation to render his opinion of value upon [the particular question].' . . ." The decision of a trial judge in admitting a witness to testify as an expert will not be reviewed, unless it is clearly shown to have been based on incompetent or insufficient evidence.'" "The objection of the defendant goes to the weight to be given the witness' opinion rather than to its admissibility." Oborski v. New Haven Gas Co.,151 Conn. 274, 280.
The ninth item deals with the taking of notes during the trial. This is a matter of judicial discretion. Esaw v. Friedman, 217, Conn. 553.
The jury's decision was not against the law and was supported by the evidence. Spitzer v. Haims Co., 217 Conn. 550, 551.
The motion is denied.
Robert P. Burns, Judge CT Page 2412