[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ON MOTION TO SET ASIDE VERDICT AND OBJECTION TO MOTION TO SET ASIDE VERDICT
The court heard the above-referenced matter with a jury. The jury returned a defendant's verdict on June 30, 2000. It is the opinion of the court that the evidence was more than sufficient as a matter of law to support the defendant's verdict on the issue of liability. It is the opinion of the court that the rulings of the court and the charge to the jury taken as a whole cured any possible impropriety in the questioning of Dr. Owens. Further, the court notes that while the question is not identified, the question for which a curative instruction was later requested was asked without objection at the time of the original question.
It is the opinion of the court that the verdict is not contrary to the facts as established by the evidence and found by the jury.
Dr. Bomar has a constitutional right to have a trial by jury on the claims which were made against him. Gosselin v. Perry, 166 Conn. 152
CT Page 9507 (1974).
For the foregoing reasons, the plaintiff's motion to set aside verdict and for a new trial is denied. The defendant's objection to the motion to set aside verdict and for a new trial is sustained.
THE COURT
By Kevin E. Booth, J.